Lorena C. Van Assche (#025408)
THORPE SHWER, P.C.
3200 N. Central Ave., Suite 1560
Phoenix, AZ 85012
Telephone: (602) 682-6119
Facsimile: (602) 682-6149
LVanAssche@thorpeshwer.com

Todd D. Wozniak (*pro hac vice*)
HOLLAND & KNIGHT LLP
1180 West Peachtree Street, NW, Suite 1800
Atlanta, GA 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
todd.wozniak@hklaw.com

Lindsey R. Camp (*pro hac vice*)
HOLLAND & KNIGHT LLP
777 South Flagler Drive, Suite 1900, West Tower
West Palm Beach, FL 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
lindsey.camp@hklaw.com

*Attorneys for Defendants Jim Coover, Kathy Coover, Jim Pierce, and Tammy Pierce*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shana Robertson, on behalf of the Isagenix Worldwide, Inc. Employee Stock Ownership Plan and on behalf of a class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Argent Trust Company, Jim Coover, Kathy Coover, Jim Pierce, and Tammy Pierce,<br><br>Defendants. | Case No. CV-21-1711-PHX-DWL<br><br>**ANSWER AND DEFENSES TO THE COMPLAINT BY DEFENDANTS JIM COOVER, KATHY COOVER, JIM PIERCE, AND TAMMY PIERCE** |

Defendants Jim Coover, Kathy Coover, Jim Pierce, and Tammy Pierce (hereinafter collectively referred to as "Defendants" unless otherwise indicated), by and through their counsel of record, provide the following Answer and Defenses to Plaintiff's Complaint (hereinafter "Complaint"). This is a combined Answer on behalf of Defendants; each Defendant does not necessarily have knowledge as to each response.

## GENERAL DENIAL

Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's headings or subheadings and deny any liability to Plaintiff or the Isagenix Worldwide, Inc. Employee Stock Ownership Plan. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to seek to amend and/or supplement their Answer and Defenses as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

Incorporating the foregoing, Defendants state as follows to the specific allegations in the Complaint. The following numbered paragraphs correspond to the numbered paragraphs of the Complaint.

1. Defendants admit that Plaintiff has filed an action against Argent Trust Company ("Argent"), the trustee for the Isagenix Worldwide, Inc. Employee Stock Ownership Plan (the "ESOP" or the "Plan"), Jim and Kathy Coover, and Jim and Tammy Pierce pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendants further admit that Plaintiff purports to

bring the action on behalf of a class of participants in, and beneficiaries of, the Plan to restore alleged losses to the Plan, obtain other unidentified equitable and remedial relief on behalf of the Plan, and to remedy the alleged violations of ERISA arising out of a June 14, 2018 transaction whereby the Plan acquired shares of Isagenix Worldwide, Inc. ("Isagenix" or the "Company"). Defendants deny that Plaintiff or the Plan has any viable claims under ERISA and denies that either Plaintiff or the Plan is entitled to any relief whatsoever. Defendants deny that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration. Defendants deny any remaining allegations contained in paragraph 1 of the Complaint.

2.     Defendants admit that Plaintiff is a former employee of Isagenix, is a participant in the ESOP, and has a vested interest in some of the Isagenix preferred stock allocated to her Plan account. Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

3.     Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.     Defendants admit that Isagenix is a privately held company and that Isagenix adopted the Plan effective January 1, 2018. Defendants further admit that 30,000 shares of Isagenix preferred stock were acquired by the ESOP Trust on June 14, 2018 for $382,500,000. Isagenix's alleged status as a party in interest is a legal conclusion to which no response is required. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5.     Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.     Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit that Plaintiff purports to assert ERISA claims against Defendants in this action and requests relief under ERISA.  Defendants deny that they engaged in any violations of ERISA and deny the remaining allegations contained in paragraph 7 of the Complaint, including that Plaintiff or the Plan is entitled to any relief under ERISA.

8.      The allegations contained in paragraph 8 of the Complaint assert legal conclusions to which no response is required and are therefore denied.  Defendants also deny that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration.

9.      The allegations contained in paragraph 9 of the Complaint assert legal conclusions to which no response is required and are therefore denied.  Defendants also deny that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration.

10.     Defendants admit that the Plan is administered in this District.  The remaining allegations regarding venue assert legal conclusions to which no response is required and are therefore denied.  Defendants deny the remaining allegations contained in paragraph 10 of the Complaint, including that Defendants engaged in any violations of ERISA.  Defendants also deny that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration.

11.     Defendants admit that Plaintiff was employed with the Company as a Customer Care Operations Specialist from May 21, 2012 through January 29, 2021.  Upon information and belief, Defendants admit that Plaintiff resides in Chandler,

Arizona. Defendants deny any remaining allegations contained in paragraph 11 of the Complaint, and specifically deny that they engaged in any violations of ERISA.

12. Defendants admit the allegations in the paragraph 12 of the Complaint on information and belief.

13. Defendants admit the first sentence of paragraph 13 of the Complaint. The remaining allegations are legal conclusions to which no response is required and are therefore denied. Defendants deny all remaining allegations in paragraph 13 of the Complaint.

14. Defendants admit that the Plan's 2019 Form 5500, including the Notes to Financial Statements, speaks for itself and denies all allegations inconsistent with this document. Defendants deny all remaining allegations in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required and are therefore denied.

16. Defendants admit that, as of June 14, 2018, Jim Coover served as a member of the Board of Directors. The allegations regarding Jim Coover's status as a fiduciary and as a party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants admit that, as of June 14, 2018, Kathy Coover served as an Executive Vice President of Isagenix and as a member of the Board of Directors. The allegations regarding Kathy Coover's status as a fiduciary and as a party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants admit that, as of June 14, 2018, Jim Pierce served as a member of the Board of Directors.  The allegations regarding Jim Pierce's status as a fiduciary and as a party in interest are legal conclusions to which no response is required and are therefore denied.  Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     The allegations regarding Tammy Pierce's status as a fiduciary and as a party in interest are legal conclusions to which no response is required and are therefore denied.  Defendants deny the remaining factual allegations in paragraph 19 of the Complaint.

20.     Defendants admit that Plaintiff purports to define Defendants Jim Coover, Kathy Coover, Jim Pierce and Tammy Pierce as the "Selling Shareholder Defendants" and Jim Coover, Kathy Coover and Jim Pierce as the "Director Defendants."  Defendants deny those labels are accurate and deny the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Isagenix is a health and wellness company based in Gilbert, Arizona that develops and distributes a broad range of nutritional products focused on weight wellness, energy, performance and healthy aging.  Defendants further admit that Isagenix was founded in 2002 by John Anderson, Jim Coover and Kathy Coover. Defendants deny all remaining allegations in paragraph 21 of the Complaint.

22.     Defendants admit that John Anderson's Isagenix stock was purchased in 2005. Defendants further admit that, as of June 14, 2018, Jim Coover served as a member of the Company's Board of Directors, Kathy Coover was an Executive Vice President and a member of the Company's Board of Directors, and Jim Pierce was a member of

the Company's Board of Directors. Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit that Isagenix has at all times been a privately held company and that its stock is not traded on an established securities market. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in paragraph 24 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required and are therefore denied.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of the Complaint.

28.     The terms of the Plan speak for themselves. Defendants deny any allegations inconsistent with the terms of the Plan and deny all remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that the Company is the Plan sponsor. The remaining allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required and are therefore denied.

30.     Defendants admit that eligible United States employees participate in the Plan. Defendants deny all remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit that the Plan's Form 5500, including its schedules, speaks for itself and deny any allegations inconsistent with the terms of the Plan's Form 5500. The remaining allegations contained in paragraph 31 of the Complaint are denied.

32.     The allegations contained in paragraph 32 of the Complaint are legal conclusions to which no response is required and are therefore denied.

33.     The allegations contained in paragraph 33 of the Complaint are legal conclusions to which no response is required and are therefore denied.

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required and are therefore denied.

35.     Defendants admit that the Argent Engagement Letter speaks for itself and deny any allegations inconsistent with the terms of the Argent Engagement Letter. Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit that the Argent Engagement Letter speaks for itself and deny any allegations inconsistent with the terms of the Argent Engagement Letter. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37.     Defendants admit that the June 14, 2018 Stock Purchase Agreement speaks for itself and deny any allegations inconsistent with the terms of the Stock Purchase Agreement. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

38.     Defendants admit that, as a result of the closing of the Stock Purchase Agreement, the ESOP Trust acquired 30,000 shares of Isagenix preferred stock.  The Stock Purchase Agreement sets forth the names of the selling shareholders and the names of shareholders of common stock following the June 14, 2018 transaction and

Defendants deny any allegations that are inconsistent with these sections of the Stock Purchase Agreement. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants admit that the terms of the ESOP-Company Loan And Pledge Agreement speak for themselves and deny any allegations inconsistent with the terms of the ESOP-Company Loan And Pledge Agreement. Defendants deny all remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendants admit that the terms of the Credit Agreement speak for themselves and deny any allegations inconsistent with the terms of the Credit Agreement. Defendants deny all remaining allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit that Isagenix employees were invited to attend one of two meetings on July 17, 2018 and that the ESOP Plan was announced at these meetings. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 42 of the Complaint and they are therefore denied.

43.     Defendants admit the allegations contained in paragraph 43 of the Complaint, including that Plaintiff was vested in at least 20% of the Isagenix preferred stock allocated to her ESOP account.

44.     Defendants admit that the Company provided financial information to Argent in connection with Argent's due diligence and evaluation of the potential ESOP

transaction. Defendants deny the remaining allegations contained in paragraph 44 of the Complaint.

45.     Defendants admit that the Stock Purchase Agreement speaks for itself and deny any allegations inconsistent with the terms of the Stock Purchase Agreement. Defendants deny the remaining allegations contained in paragraph 45 of the Complaint.

46.     Defendants state that the "last twelve months financials" (an undefined term in the Complaint) for Isagenix as of the June 14, 2018 speak for themselves and Defendants deny any allegations that are inconsistent with that financial information. Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants admit that the Company implemented a reduction-in-force between November and December 2018. Defendants deny the remaining allegations contained in paragraph 48 of the Complaint.

49.     Defendants admit that the August 25, 2020 Amendment No. 1 to the Credit Agreement speaks for itself and deny any allegations that are inconsistent with Amendment No. 1 to the Credit Agreement. Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants admit that Argent is responsible for an annual valuation of the preferred stock held by the ESOP. Defendants further admit that the per share value of the preferred stock held by the ESOP, as determined by Argent, was $6,051.15 as of

December 30, 2018 and $3,648.71 as of December 29, 2019.  Defendants deny the remaining allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants admit that Argent has received fees for the services it provided as the Plan's trustee. Defendants deny the remaining allegations contained in paragraph 56 of the Complaint.

57.     Defendants admit that the Company's directors participated in some of the due diligence conducted in connection with the exploration of a potential ESOP formation.  Defendants further admit that some of the selling shareholders had access to certain financial information relating to the Company prior to the June 14, 2018 transaction.  The remaining allegations contained in paragraph 57 of the Complaint are denied.

58.     Defendants restate and incorporate by reference their responses to paragraphs 1-57 of the Complaint.

59.     The allegations contained in paragraph 59 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

60. The allegations contained in paragraph 60 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

61. The allegations contained in paragraph 61 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

62. Defendants admit that Argent executed the Stock Purchase Agreement and select loan agreements on behalf of the Plan's Trust. Defendants deny the remaining allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. The allegations contained in paragraph 64 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants admit that Argent received fees for its services as Plan trustee. Defendants deny the remaining allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

70. The allegations contained in paragraph 70 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants restate and incorporate by reference their responses to paragraphs 1-71 of the Complaint.

73.     The allegations contained in paragraph 73 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

74.     The allegations contained in paragraph 74 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

75.     The allegations contained in paragraph 75 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

76.     The allegations contained in paragraph 76 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

77.     The allegations contained in paragraph 77 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

78.     The allegations contained in paragraph 78 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

79.     The allegations contained in paragraph 79 of the Complaint are not directed against Defendants and therefore do not require a response.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     The allegations contained in paragraph 80 of the Complaint are not directed against Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. The allegations contained in paragraph 81 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. The allegations contained in paragraph 82 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. The allegations contained in paragraph 83 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants restate and incorporate by reference their responses to paragraphs 1-83 of the Complaint.

85. The allegations contained in paragraph 85 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

86. The allegations contained in paragraph 86 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

87. Defendants state that the Plan document speaks for itself and denies any allegations that are inconsistent with the Plan document. The remaining allegations contained in paragraph 87 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint and specifically deny that any Defendant violated ERISA and deny that Plaintiff is entitled to any relief under ERISA.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

92.     Defendants restate and incorporate by reference their responses to paragraphs 1-91 of the Complaint.

93.     The allegations contained in paragraph 93 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

94.     The allegations contained in paragraph 94 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

95.     The allegations contained in paragraph 95 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

96.     Defendants admit that the Coovers and Mr. Pierce served on the Company's Board of Directors as of June 14, 2018.  The remaining allegations contained in paragraph 96 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants restate and incorporate by reference their responses to paragraphs 1-100 of the Complaint.

102. The first two sentences contained in paragraph 102 of the Complaint assert legal conclusions to which no response is required and are therefore denied. Defendants deny the remaining allegations contained in paragraph 102 of the Complaint.

103. The allegations contained in paragraph 103 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

104. The allegations contained in paragraph 104 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

105. Defendants state that the Plan document speaks for itself and denies any allegations that are inconsistent with the Plan document. The remaining allegations contained in paragraph 105 of the Complaint assert legal conclusions or legal interpretations of the Plan document to which no response is required and are therefore denied.

106. Defendants admit that the terms of the Argent Engagement Letter speaks for itself and denies any allegations that are inconsistent with the Argent Engagement Letter. Defendants deny any remaining allegations contained in paragraph 106 of the Complaint.

107. The allegations contained in paragraph 107 of the Complaint assert legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint, including that Plaintiff is entitled to the relief requested.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint, including that Plaintiff is entitled to the relief requested.

111. Defendants restate and incorporate by reference their responses to paragraphs 1-110 of the Complaint.

112. Defendants admit the allegations contained in paragraph 112 of the Complaint.

113. Defendants admit the allegations contained in paragraph 113 of the Complaint.

114. Defendants lack information sufficient as to form a belief as to the allegations contained in paragraph 114 of the Complaint and therefore deny the same.

115. Defendants admit that the Plan contains an arbitration provision and deny any allegations that are inconsistent with the Plan's arbitration provision. Defendants deny the remaining allegations contained in paragraph 115 of the Complaint.

116. Defendants admit that the Plan contains a venue provision and an arbitration provision and deny any allegations that are inconsistent with the Plan's

provisions. Defendants deny the remaining allegations contained in paragraph 116 of the Complaint.

117. Defendants admit the allegations contained in paragraph 117 of the Complaint.

118. The first two sentences contained in paragraph 118 of the Complaint assert legal conclusions to which no response is required and are therefore denied. Defendants deny the remaining allegations contained in paragraph 118 of the Complaint.

119. Defendants admit that Plaintiff is seeking a declaratory judgment but denies that Plaintiff is entitled to the relief requested and that this forum is the proper venue to seek the relief requested. Defendants deny any remaining allegations contained in paragraph 119 of the Complaint.

120. Defendants admit that Plaintiff is seeking to represent a class under ERISA § 502(a)(2), but deny that Plaintiff may do so in light of the Plan's arbitration provision or that Plaintiff is entitled to the relief requested. Defendants deny any remaining allegations contained in paragraph 120 of the Complaint.

121. Defendants admit that Plaintiff is seeking to represent a class under ERISA § 502(a)(3), but deny that Plaintiff may do so in light of the Plan's arbitration provision or that Plaintiff is entitled to the relief requested. Defendants deny any remaining allegations contained in paragraph 121 of the Complaint.

122. Defendants admit that Plaintiff is seeking to represent the defined class under ERISA §§ 502(a)(2) and (a)(3), but deny that Plaintiff may do so in light of the Plan's arbitration provision. Defendants deny any remaining allegations contained in paragraph 122 of the Complaint.

123. Defendants admit that the Plan's 2019 Form 5500 speaks for itself and deny any allegations that are inconsistent with that document. The first sentence contains a legal conclusion to which no response is requested and is therefore denied. Defendants deny any remaining allegations contained in paragraph 123 of the Complaint.

124. The allegations contained in paragraph 124 of the Complaint assert legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants deny the allegations contained in paragraph 124 of the Complaint, including any averment that class certification is appropriate in this case.

125. Defendants state that the first sentence contains a legal conclusion to which no response is requested and is therefore denied. Defendants deny the remaining allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

129. Defendants admit the names and addresses of Plan participants are in the possession of the Plan. Defendants deny the remaining allegations contained in paragraph 129 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF" clause following paragraph 129 of the Complaint.

All allegations in the Complaint not specifically admitted in this Answer are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, re-allege, and incorporate herein by reference their responses in paragraphs 1 through 129 of the Answer and plead their Affirmative and Other Defenses, without assuming the burden of proof when the law places that burden upon Plaintiff, and without prejudice to their Answer, and reserving the right to amend or add additional affirmative defenses upon further investigation and discovery, as follows:

### FIRST DEFENSE

Plaintiff's claims are subject to the Plan's mandatory arbitration provisions and, as such, all claims asserted in this action should be compelled into individual arbitration.

### SECOND DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' actions, to the extent any of them are found to be fiduciary actions, complied with the requirements of ERISA as well as industry norms and standards.

//

//

//

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not cause the Plan or the Trust to pay more than adequate consideration or fair market value for the Isagenix preferred stock at issue.

## FIFTH DEFENSE

The claims in the Complaint are barred to the extent they are based upon settlor or corporate actions which are not governed by ERISA.

## SIXTH DEFENSE

The prohibited transaction claims asserted in the Complaint are barred because there were no prohibited transactions and/or the exemptions under ERISA § 408 were met.

## SEVENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because any Defendants with a duty to monitor Argent complied with that duty and did not otherwise participate in, have knowledge of, or enable any of Argent's alleged violations of ERISA. In particular, Argent's obligation to engage in arms-length bargaining on behalf of the Plan meant that Argent did not share with Defendants its internal deliberations or the advice of its legal counsel or financial advisors.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred to the extent they are based on alleged actions not taken in a fiduciary capacity.

## NINTH DEFENSE

Plaintiff's claims against the Coovers and the Pierces, in their capacity as alleged

selling shareholders, fail because none of these Defendants sold stock to the ESOP or ESOP Trust.

## TENTH DEFENSE

Count VI of the Complaint is barred, in whole or in part, because it seeks speculative relief, Plaintiff has not pled the elements for a declaratory judgment, and the voiding of a contract is not among the equitable remedies available under ERISA.

## ELEVENTH DEFENSE

Plaintiff's co-fiduciary liability claims against the Director Defendants fail because none of the Director Defendants acted as Argent's co-fiduciaries.

## TWELFTH DEFENSE

Plaintiff's claims against the non-fiduciary selling shareholders fails as a matter of law to the extent it seeks legal (not equitable) relief.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by ERISA's statute of limitation, the statute of repose, or the doctrine of laches.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over the claims and/or Plaintiff lacks standing to assert the claims.

Defendants expressly reserve the right to supplement or amend the Answer and add additional defenses, including affirmative defenses, which may be discovered or become relevant in the future.

DATED this 13th day of December, 2021.

**THORPE SHWER, P.C.**


By */s/ Lorena C. Van Assche*
Lorena C. Van Assche
3200 North Central Avenue, Suite 1560
Phoenix, Arizona  85012

**HOLLAND & KNIGHT LLP**
Todd D. Wozniak
1180 West Peachtree Street, NW, Suite 1800
Atlanta, GA 30309

**HOLLAND & KNIGHT LLP**
Lindsey R. Camp
777 South Flagler Drive, Suite 1900, West Tower
West Palm Beach, FL 33401

*Attorneys for Defendants Jim Coover, Kathy Coover, Jim Pierce, and Tammy Pierce*


**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and for transmittal to all CM/ECF registrants who have appeared in this case.


*/s/ Lisa R.  Harris*
Lisa R. Harris