Gregory B. Collins (#023158)
**KERCSMAR FELTUS &
COLLINS PLLC**
7150 E. Camelback Road, Suite 285
Scottsdale, AZ 85251
Tel:     (480) 990-6214
gbc@kfcfirm.com

Lars C. Golumbic (*pro hac vice*)
William J. Delany (*pro hac vice*)
Paul J. Rinefierd (*pro hac vice*)
**GROOM LAW GROUP,
CHARTERED**
1701 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel:     (202) 857-0620
Fax:     (202) 659-4503
lgolumbic@groom.com
wdelany@groom.com
prinefierd@groom.com

*Attorneys for Defendant*
*Argent Trust Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Shana Robertson, on behalf of the Isagenix Worldwide, Inc. Employee Stock Ownership Plan and on behalf of a class of all others similarly situated, | No. CV-21-1711-PHX-DWL |
| Plaintiff, | |
| v. | **ANSWER AND DEFENSES TO THE COMPLAINT BY DEFENDANT ARGENT TRUST COMPANY** |
| Argent Trust Company, Jim Coover, Kathy Coover, Jim Pierce, and Tammy Pierce, | |
| Defendants. | |

Defendant Argent Trust Company ("Argent"), by and through its counsel of record, provides the following Answer and Defenses to Plaintiff's Complaint (hereinafter "Complaint").

## GENERAL DENIAL

Except as otherwise expressly stated herein, Argent denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's headings or subheadings and denies any liability to Plaintiff or the Isagenix Worldwide, Inc. Employee Stock Ownership Plan. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Argent expressly reserves the right to seek to amend and/or supplement its Answer and Defenses as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

Incorporating the foregoing, Argent states as follows to the specific allegations in the Complaint. The following numbered paragraphs correspond to the numbered paragraphs of the Complaint.

## BACKGROUND

1. This action is against Argent Trust Company ("Argent"), the trustee for the Isagenix Worldwide, Inc. Employee Stock Ownership Plan ("the ESOP" or "the Plan"), Jim and Kathy Coover, and Jim and Tammy Pierce pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by Plaintiff on behalf of a class of participants in and beneficiaries of the Plan to restore losses to the Plan, obtain other equitable and remedial relief on behalf of the Plan, and to remedy violations of ERISA arising out of a June 14, 2018 transaction whereby the Plan acquired shares of Isagenix Worldwide, Inc. ("Isagenix" or "the Company").

**RESPONSE:** Argent admits that Plaintiff has filed an action against Argent, the trustee for the Isagenix Worldwide, Inc. Employee Stock Ownership Plan (the "ESOP" or "the Plan"), Jim and Kathy Coover, and Jim and Tammy Pierce

pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*. Argent further admits that Plaintiff purports to bring the action on behalf of a class of participants in, and beneficiaries of, the Plan to restore alleged losses to the Plan, obtain other unidentified equitable and remedial relief on behalf of the Plan, and to remedy the alleged violations of ERISA arising out of a June 14, 2018 transaction whereby the Plan acquired shares of Isagenix Worldwide, Inc. ("Isagenix" or the "Company"). Argent denies that Plaintiff or the Plan has any viable claims under ERISA and denies that either Plaintiff or the Plan is entitled to any relief whatsoever. Argent denies that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration. Argent denies any remaining allegations contained in paragraph 1 of the Complaint.

2. Plaintiff is a former employee of Isagenix and participant in the ESOP, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), who vested in shares of Isagenix allocated to her account in the Plan.

**RESPONSE:** Argent lacks information sufficient as to form a belief as to the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. Argent represented the Plan and its participants as Trustee in the June 14, 2018 ESOP Transaction. It had sole and exclusive authority to negotiate the terms of the ESOP Transaction on the Plan's behalf.

**RESPONSE:** Argent admits that the Argent Engagement Letter speaks for itself and denies any allegations inconsistent with the terms of the Argent Engagement Letter. Argent denies the remaining allegations contained in paragraph 3 of the Complaint. Argent responds further that the allegations contained in the second sentence of paragraph 3 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

4.     At all relevant times, Isagenix was a privately held company and a party in interest to the Plan. Isagenix adopted the Plan effective January 1, 2018.  On June 14, 2018, Argent, in its capacity as Trustee of the Plan, purchased 30,000 shares of Isagenix's preferred stock for $382,500,000 (the "ESOP Transaction"), representing a 30% ownership interest in Isagenix, from Defendants Jim Coover, Kathy Coover, Jim Pierce and Tammy Pierce (the "Selling Shareholder Defendants").

**RESPONSE:**  Argent admits that Isagenix is a privately held company and that Isagenix adopted the Plan effective January 1, 2018.  Argent further admits that the Plan acquired 30,000 shares of Isagenix preferred stock on June 14, 2018 for $382,500,000.  Isagenix's alleged status as a party in interest is a legal conclusion to which no response is required.  Argent denies the remaining allegations contained in paragraph 4 of the Complaint.

5.     The ESOP Transaction allowed the Selling Shareholder Defendants to cash out a portion of their Isagenix stock at a high price at a time when Isagenix's business was deteriorating, and it placed excessive debt on the Company.  Argent failed to fulfill its ERISA duties, as Trustee and fiduciary, to the Plan and its participants, including Plaintiff.

**RESPONSE:**  Argent denies the allegations contained in paragraph 5 of the Complaint.

6.     As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from Defendants' violations of ERISA.

**RESPONSE:**  Argent denies the allegations contained in paragraph 6 of the Complaint.

7.     Through this action, Plaintiff seeks to enforce her rights under ERISA and the Plan, to recover the losses incurred by the Plan and/or the improper profits realized by Defendants resulting from their breaches of fiduciary duty and prohibited transactions, and equitable relief, including rescission of the ESOP Transaction and removal of

fiduciaries who have failed to protect the Plan. Plaintiff requests that these prohibited transactions be declared void, Defendants be required to restore any losses to the Plan arising from its ERISA violations, Defendants be ordered to disgorge any profits and any monies recovered for the Plan be allocated to the accounts of the Class members. As alleged below, the Plan has been injured and its participants have been deprived of hard-earned retirement benefits resulting from Defendants' violations of ERISA.

> **RESPONSE:** Argent admits that Plaintiff purports to assert ERISA claims against Argent and the other named defendants in this action and requests relief under ERISA. Argent denies that it engaged in any violations of ERISA and denies the remaining allegations contained in paragraph 7 of the Complaint, including that Plaintiff or the Plan is entitled to any relief under ERISA.

## JURISDICTION & VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

> **RESPONSE:** The allegations contained in paragraph 8 of the Complaint assert legal conclusions to which no response is required and are therefore denied. Argent also denies that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration.

9.     This Court has personal jurisdiction over Defendants because certain Defendants reside or may be found in this District, breaches took place in this District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, Defendants transact business in and have significant contacts with this District, and because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

> **RESPONSE:** The allegations contained in paragraph 9 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

Argent also denies that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration.

10.    Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this District, Defendants reside or may be found in this District, and/or breaches and violations giving rise to Plaintiff's claims took place in this District.   Venue is also proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**RESPONSE:**  Argent admits that the Plan is administered in this District.  The remaining allegations regarding venue assert legal conclusions to which no response is required and are therefore denied.  Argent denies that the action is properly brought in this Court as all claims asserted are subject to mandatory, individual arbitration.  Argent denies the remaining allegations contained in paragraph 10 of the Complaint, including that Argent engaged in any violations of ERISA.

## PARTIES

11.    Plaintiff Shana Robertson is and has been a Plan participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), since the adoption of the Plan effective on January 1, 2018, because she still has an individual account in the Plan and because she has a colorable claim for additional benefits as a result of Defendants' breaches and violations. Plaintiff Robertson resides in Chandler, Arizona. Plaintiff worked as a Customer Service Representative, Policy Advisor and Operations Specialist over the course of her employment by Isagenix from May 2012 until January 2021.  She was partially vested by the Plan's terms in shares of Isagenix in her Plan account.

**RESPONSE:**  Argent lacks information sufficient as to form a belief as to the allegations contained in paragraph 11 of the Complaint regarding Plaintiff's participant status in the Plan, employment status, vesting, and residence, and Argent therefore denies the same.  Argent responds further that the allegation

contained in the first sentence of paragraph 11 as to Plaintiff's alleged "colorable claim for additional benefits" asserts a legal conclusion to which no response is required and is therefore denied. Argent denies any remaining allegations contained in paragraph 11 of the Complaint, and specifically denies that Argent engaged in any violations of ERISA.

12. Defendant Argent operates as an investment management firm and offers financial planning, trusts, and real estate management services to families and organizations. Argent is a Tennessee corporation with its principal place of business at 1100 Abernathy Road, 500 Northpark, Suite 550, Atlanta, Georgia 30328. Argent is a division of Argent Financial Group, an independent wealth management firm. Argent Financial Group is headquartered at 500 E. Reynolds Dr., Ruston, Louisiana 71270.

**RESPONSE:** Argent admits that it operates as a state-chartered trust company and offers trust and other fiduciary-related services to families and organizations. Argent further admits that it is a Tennessee corporation with its principal place of business at 3102 West End Avenue, Suite 775, Nashville, Tennessee 37203. Argent further admits that it is a subsidiary of Argent Financial Group, Inc., a holding company. Argent further admits that Argent Financial Group, Inc. is headquartered at 500 E. Reynolds Drive, Ruston, Louisiana 71270. Argent denies the remaining allegations in paragraph 12 of the Complaint.

13. Argent was the Trustee of the Plan at the time of the ESOP Transaction. Argent was a "fiduciary" under ERISA § 3(21), 29 U.S.C. § 1002(21), at all times that it was the Trustee because it had exclusive authority to manage and control the assets of the Plan and had sole and exclusive discretion to authorize and negotiate the ESOP Transaction on the Plan's behalf. Argent was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all times that it was a fiduciary of the Plan and a provider of services to the Plan.

**RESPONSE:** Argent admits the first sentence of paragraph 13 of the Complaint. The remaining allegations are legal conclusions to which no response is required

and are therefore denied.  Argent denies all remaining allegations in paragraph 13 of the Complaint.

14.     The Notes to Financial Statements of the Plan's 2019 Form 5500 reports that Argent was the Plan's custodian and holds the Plan's assets, which consist of preferred stock in Isagenix.

RESPONSE:  Argent admits that the Plan's 2019 Form 5500, including the Notes to Financial Statements, speaks for itself and denies all allegations inconsistent with this document.  Argent denies all remaining allegations in paragraph 14 of the Complaint.

15.     Argent's power and authority does not include the power and authority to interpret and construe the terms of the written Plan document.

RESPONSE:  The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required and are therefore denied.

16.     Defendant Jim Coover was a selling shareholder in the 2018 ESOP Transaction.  At the time of the 2018 ESOP Transaction, Jim Coover was the President/CEO of Isagenix, a Director of Isagenix, and a 10% or more shareholder of Isagenix.  By virtue of his position as President/CEO and membership on the Board of Directors, Jim Coover was a "fiduciary" under ERISA § 3(21), 29 U.S.C. § 1002(21), at all relevant times with a duty to oversee the Plan and monitor Argent.  Jim Coover was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant times as an officer, director, fiduciary, relative of a fiduciary and 10% or more shareholder (directly or indirectly) of Isagenix.  Defendant Jim Coover resides in Scottsdale, Arizona.

RESPONSE:  In response to the second sentence of paragraph 16, Argent admits that Jim Coover was a director of Isagenix at the time of the ESOP Transaction, but Argent lacks information sufficient as to form a belief as to the remaining allegations contained in the second sentence of paragraph 16 and therefore denies the same.  Argent lacks information sufficient as to form a belief as to the fifth sentence of paragraph 16 and therefore denies the same.  The remaining

allegations in paragraph 16 are legal conclusions to which no response is required and are therefore denied. Argent denies any remaining allegations in paragraph 16 of the Complaint.

17.    Defendant Kathy Coover was a selling shareholder in the 2018 ESOP Transaction. At the time of the 2018 ESOP Transaction, Kathy Coover was the Executive Vice President of Isagenix, a Director of Isagenix, and a 10% or more shareholder of Isagenix. By virtue of her position as Executive Vice President and membership on the Board of Directors, Kathy Coover was a "fiduciary" under ERISA § 3(21), 29 U.S.C. § 1002(21), at all relevant times with a duty to oversee the Plan and monitor Argent. Kathy Coover was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant times as an officer, director, fiduciary, relative of a fiduciary and 10% or more shareholder (directly or indirectly) of Isagenix. Defendant Kathy Coover resides in Scottsdale, Arizona.

> **RESPONSE:** In response to the second sentence of paragraph 17, Argent admits that Kathy Coover was a director of Isagenix at the time of the ESOP Transaction, but Argent lacks information sufficient as to form a belief as to the remaining allegations contained in the second sentence of paragraph 17 and therefore denies the same. Argent lacks information sufficient as to form a belief as to the allegations contained in the fifth sentence of paragraph 17 and therefore denies the same. The remaining allegations in paragraph 17 are legal conclusions to which no response is required and are therefore denied. Argent denies any remaining allegations in paragraph 17 of the Complaint.

18.    Defendant Jim Pierce was a selling shareholder in the 2018 ESOP Transaction. At the time of the 2018 ESOP Transaction, Jim Pierce was a Director of Isagenix, and a 10% or more shareholder of Isagenix. By virtue of his position as a Director of Isagenix, Jim Pierce was a "fiduciary" under ERISA § 3(21), 29 U.S.C. § 1002(21), at all relevant times with a duty to oversee the Plan and monitor Argent. Jim Pierce was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant

times as a director, fiduciary and 10% or more shareholder (directly or indirectly) of Isagenix. Defendant Jim Pierce resides in Miramar Beach, Florida.

**RESPONSE:** In response to the second sentence of paragraph 18, Argent admits that Jim Coover was a director of Isagenix at the time of the ESOP Transaction, but Argent lacks information sufficient as to form a belief as to the remaining allegations contained in the second sentence of paragraph 18 and therefore denies the same. Argent lacks information sufficient as to form a belief as to the allegations contained in the fifth sentence of paragraph 18 and therefore denies the same. The remaining allegations in paragraph 18 are legal conclusions to which no response is required and are therefore denied. Argent denies any remaining allegations in paragraph 18 of the Complaint.

19. Defendant Tammy Pierce was a selling shareholder in the 2018 ESOP Transaction. At the time of the 2018 ESOP Transaction, Kathy Pierce was a 10% or more shareholder of Isagenix. Tammy Pierce was a party in interest under ERISA § 3(14), 29 U.S.C. § 1002(14), at all relevant times as a relative of a fiduciary and 10% or more shareholder of Isagenix (directly or indirectly). Defendant Tammy Pierce resides in Miramar Beach, Florida.

**RESPONSE:** Argent lacks information sufficient as to form a belief as to the allegations contained in the second and fourth sentences of paragraph 19 and therefore denies the same. The allegations in the third sentence of paragraph 19 are legal conclusions to which no response is required and are therefore denied. Argent denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendants Jim Coover, Kathy Coover, Jim Pierce and Tammy Pierce are referred to herein as the "Selling Shareholder Defendants." Defendants Jim Coover, Kathy Coover and Jim Pierce are referred to herein as the "Director Defendants."

**RESPONSE:** Argent admits that Plaintiff purports to define Defendants Jim Coover, Kathy Coover, Jim Pierce and Tammy Pierce as the "Selling Shareholder Defendants" and Jim Coover, Kathy Coover and Jim Pierce as the "Director

Defendants." Argent denies those labels are accurate and denies the remaining allegations contained in paragraph 20 of the Complaint.

## **FACTUAL ALLEGATIONS**

21.     Isagenix is a multi-level marketing (MLM) company that sells dietary supplements and personal care products. The company, based in Gilbert, Arizona, was founded in 2002 by John Anderson, Jim Coover and Kathy Coover. Collectively, before and after the ESOP Transaction, the Coovers owned and continue to own the majority of shares of Isagenix stock.

> **RESPONSE:** Argent admits that Isagenix is a health and wellness company based in Gilbert, Arizona that develops and distributes a broad range of nutritional products focused on weight wellness, energy, performance and healthy aging. Argent denies all remaining allegations in paragraph 21 of the Complaint.

22.     The Coovers bought out John Anderson in 2005. At some time prior to the 2018 ESOP Transaction, Jim and Tammy Pierce became minority shareholders of Isagenix. At the time of the ESOP Transaction, Jim Coover was CEO and a Director of Isagenix, Kathy Coover was Executive Vice President and a Director of Isagenix, and Jim Pierce was a Director of Isagenix.

> **RESPONSE:** Argent admits that Jim Coover, Kathy Coover, and Jim Pierce were directors of Isagenix at the time of the ESOP Transaction. Argent lacks information sufficient as to form a belief as to the remaining allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     Isagenix was at all times a closely held private company. Isagenix stock is not traded on an established securities market.

> **RESPONSE:** Argent admits that at the time of the 2018 ESOP Transaction and thereafter, Isagenix was a closely held private company and that Isagenix stock was not traded on an established securities market. Argent lacks information sufficient as to form a belief as to the remaining allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24.     Isagenix adopted the Plan effective January 1, 2018.

**RESPONSE:**   Argent admits the allegations contained in paragraph 24 of the Complaint.

25.     The Plan is a pension plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1).

**RESPONSE:**   The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required and are therefore denied.

26.     The Plan is a leveraged employee stock ownership plan, or "Leveraged ESOP." The Plan was designed to invest primarily in the employer securities of Isagenix.

**RESPONSE:**   Argent admits the allegations contained in paragraph 26 of the Complaint.

27.     The Plan's principal asset at all times since the ESOP Transaction has been Isagenix stock.

**RESPONSE:**   Argent admits the allegations contained in paragraph 27 of the Complaint.

28.     The Plan is an individual account plan, or defined contribution plan, under which a separate individual account was established for each participant.  Shares of Isagenix stock are allocated to each participant's individual account.

**RESPONSE:**   The terms of the Plan speak for themselves.  Argent denies any allegations inconsistent with the terms of the Plan and denies all remaining allegations contained in paragraph 28 of the Complaint.

29.     Isagenix is and was from the inception of the Plan the sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

**RESPONSE:**   Argent admits that the Company is the Plan sponsor.  The remaining allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required and are therefore denied.

30.     U.S. employees of Isagenix generally participate in the Plan.

**RESPONSE:** Argent responds that terms for eligibility in the Plan are set forth in the Plan document, which speaks for itself, and Argent denies any allegations that are inconsistent with the Plan document. Argent denies the remaining allegations contained in paragraph 30 of the Complaint.

31. The Plan's Form 5500 Annual Return/Report of Employee Benefit Plan identifies Isagenix as a party in interest to the Plan at the Schedule H, Line 4(i) Schedule of Assets (Held At End of Year), and at Note 10 to the Financial Statements they identify the Plan's investment in Isagenix's preferred stock and indebtedness with a subsidiary of Isagenix as party in interest transactions.

**RESPONSE:** Argent admits that the Plan's Form 5500, including its schedules, speaks for itself and denies any allegations inconsistent with the terms of the Plan's Form 5500. The remaining allegations contained in paragraph 31 of the Complaint are denied.

32. Isagenix is and was at the time of the ESOP Transaction a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14).

**RESPONSE:** The allegations contained in paragraph 32 of the Complaint are legal conclusions to which no response is required and are therefore denied.

33. Jim and Kathy Coover are and were at the time of the ESOP Transaction each a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as directors of Isagenix; and/or as 10 percent or more shareholders of Isagenix, directly or indirectly; and/or as officers of Isagenix; and/or as employees of Isagenix; and/or as relatives of a party in interest.

**RESPONSE:** The allegations contained in paragraph 33 of the Complaint are legal conclusions to which no response is required and are therefore denied.

34. Jim and Tammy Pierce are and were at the time of the ESOP Transaction each a party in interest to the Plan under ERISA § 3(14), 29 U.S.C. § 1002(14), as directors of Isagenix; and/or as 10 percent or more shareholders of Isagenix, directly or indirectly; and/or as relatives of a party in interest.

**RESPONSE:** The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required and are therefore denied.

35. The Director Defendants appointed Argent as Trustee of the Plan and had a duty to monitor Argent. As Trustee, Argent had sole and exclusive authority to negotiate and approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for Isagenix stock.

**RESPONSE:** Argent admits that the Argent Engagement Letter speaks for itself and denies any allegations inconsistent with the terms of the Argent Engagement Letter. Argent denies the remaining allegations contained in paragraph 35 of the Complaint.

36. As Trustee for the Plan, it was Argent's exclusive duty to ensure that any transactions between the Plan and the Coovers and/or the Pierces, and between the Plan and Isagenix, including acquisitions of Isagenix stock by the Plan and loans to the Plan, were fair and reasonable and to ensure that the Plan paid no more than fair market value.

**RESPONSE:** Argent admits that the Argent Engagement Letter speaks for itself and denies any allegations inconsistent with the terms of the Argent Engagement Letter. Argent denies the remaining allegations contained in paragraph 36 of the Complaint.

37. In the ESOP Transaction, the Plan purchased 30,000 shares of Isagenix preferred stock for $382,500,000 (i.e., a price of $12,750 per share) on June 14, 2018, and, simultaneously, Isagenix redeemed or purchased Company stock from Jim and Kathy Coover (or a trust or trusts associated with the Coovers) and Jim and Tammy Pierce (or a trust or trusts associated with the Pierces) for a total of $382,500,000 and recapitalized.

**RESPONSE:** Argent admits that the June 14, 2018 Stock Purchase Agreement speaks for itself and denies any allegations inconsistent with the terms of the Stock Purchase Agreement. Argent denies the remaining allegations contained in paragraph 37 of the Complaint.

38.    As a result of the ESOP Transaction, Isagenix became 30% employee owned. Jim and Kathy Coover (or a trust or trusts associated with the Coovers) collectively own the majority of Isagenix shares, and Jim and Tammy Pierce (or a trust or trusts associated with the Pierces) remain minority shareholders of Isagenix.

**RESPONSE:**  Argent admits that, as a result of the closing of the Stock Purchase Agreement, the ESOP Trust acquired 30,000 shares of Isagenix preferred stock. The Stock Purchase Agreement sets forth the names of the selling shareholders and the names of shareholders of common stock following the June 14, 2018 transaction and Argent denies any allegations that are inconsistent with these sections of the Stock Purchase Agreement.   Argent denies the remaining allegations contained in paragraph 38 of the Complaint.

39.    The ESOP Transaction implied a value of at least $1,275,000,000 for 100% of the equity of Isagenix.

**RESPONSE:**  Argent denies the allegations contained in paragraph 39 of the Complaint.

40.    The Plan's purchase of the Isagenix shares was financed by a loan that the Plan entered into with Isagenix International, LLC, a subsidiary of Isagenix, for $382,500,000 that provides that the Plan repay the loan over 39 years in equal annual payments at an interest rate of 3.05% ("Inside ESOP Loan").

**RESPONSE:**  Argent admits that the terms of the ESOP-Company Loan And Pledge Agreement speak for themselves and denies any allegations inconsistent with the terms of the ESOP-Company Loan And Pledge Agreement.   Argent denies all remaining allegations contained in paragraph 40 of the Complaint.

41.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  Isagenix and/or Isagenix International, LLC entered into term loans to finance the ESOP Transaction with CION Investment Corporation, a business development company; Crescent Capital, an investor in alternative credit; Main Street

14

Capital Corporation, an investment firm that provides credit to middle market companies; and the Selling Shareholder Defendants ("Outside ESOP Loan").

> **RESPONSE:** Argent admits that the terms of the Credit Agreement speak for themselves and denies any allegations inconsistent with the terms of the Credit Agreement. Argent denies all remaining allegations contained in paragraph 41 of the Complaint.

42. The ESOP was announced to Isagenix employees at a special assembly on July 17, 2018. Plaintiff had no knowledge of the ESOP or the ESOP Transaction until the July 17, 2018 announcement.

> **RESPONSE:** Argent lacks information sufficient as to form a belief as to the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Plaintiff was allocated shares of Isagenix stock in her individual account in the Plan in 2018, 2019 and 2020. She was 20% vested in her Isagenix shares when her employment terminated.

> **RESPONSE:** Argent lacks information sufficient as to form a belief as to the allegations contained in paragraph 43 of the Complaint and therefore denies the same.

44. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Isagenix provided financial projections to Argent for the valuation for the ESOP Transaction. The financial projections were unreasonably optimistic.

> **RESPONSE:** Argent admits that the Company provided financial information to Argent in connection with Argent's due diligence and evaluation of the potential ESOP transaction. Argent denies the remaining allegations contained in paragraph 44 of the Complaint.

45.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  The ESOP Transaction was structured as a purchase of preferred stock rather than common stock in order to inflate the purchase price paid by the ESOP.  The present value of expected future preferred dividend payments was included in the purchase price and the ESOP thereby increased the amount borrowed under both the Inside ESOP Loan and the Outside ESOP Loan.  Using preferred stock to increase the price paid by the ESOP in the ESOP Transaction and the ESOP's and the Company's debt obligations following the ESOP Transaction was not fair to the ESOP from a financial point of view.

> **RESPONSE:**  Argent admits that the Stock Purchase Agreement speaks for itself and denies any allegations inconsistent with the terms of the Stock Purchase Agreement.  Argent denies the remaining allegations contained in paragraph 45 of the Complaint.

46.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  The last twelve months (LTM) financials for Isagenix as of the date of the ESOP Transaction reflected a decline in revenues and EBITDA.

> **RESPONSE:**  Argent states that the "last twelve months financials," which is not a term that is defined in the Complaint, for Isagenix as of the June 14, 2018 speak for themselves and Argent denies any allegations that are inconsistent with that financial information.  Argent denies the remaining allegations contained in paragraph 46 of the Complaint.

47.    Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  At the time of the ESOP Transaction, Isagenix faced material business risks, including but not limited to: its narrow product base, declining consumer interest in its products, competition from other companies offering similar products at

lower prices, the loss of top distributors, and discontent among Isagenix distributors about its binary compensation structure.

> **RESPONSE:** Argent denies the allegations contained in paragraph 47 of the Complaint.

48. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Isagenix instituted a large layoff soon after the ESOP Transaction.

> **RESPONSE:** Argent lacks information sufficient as to form a belief as to the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The ESOP Transaction placed excessive debt on Isagenix. By 2020, the Coovers and the Pierces were forced to inject $35 million into Isagenix to avoid default on the Inside ESOP Loan and the Outside ESOP Loan. In 2020, Isagenix used this money and other funds to retire over $60 million of the principal amount of the Outside ESOP Loan at approximately sixty-five (65) cents on the dollar. The 2020 transaction implied a high risk of Isagenix defaulting on the Outside ESOP Loan.

> **RESPONSE:** Argent admits that the August 25, 2020 Amendment No. 1 to the Credit Agreement speaks for itself and denies any allegations that are inconsistent with Amendment No. 1 to the Credit Agreement. Argent denies the remaining allegations contained in paragraph 49 of the Complaint.

50. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Plan paid more than fair market value for Isagenix stock due to the flawed valuation of the company.

**RESPONSE:** Argent denies the allegations contained in paragraph 50 of the Complaint.

51. Argent is responsible for an annual valuation of the ESOP's Isagenix stock. On December 30, 2018, the Plan's Isagenix stock was valued at $6,051.15 per share. On December 29, 2019, the Plan's Isagenix stock was revalued at $3,648.71 per share. The December 29, 2019 valuation represents a decline of over 70% from the purchase price paid by the ESOP. Plaintiff does not aver that any of the valuations for which Argent was responsible was accurate.

**RESPONSE:** The first sentence in paragraph 51 asserts a legal conclusion to which no response is required and is therefore denied. In response to the second and third sentences in paragraph 51, Argent states that annual valuation reports of the value of Isagenix stock as of December 31, 2018 and December 31, 2019 speak for themselves, and Argent denies any allegations that are inconsistent with the annual valuation reports. Argent denies the remaining allegations contained in paragraph 51 of the Complaint.

52. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Argent did not perform due diligence in the course of the ESOP Transaction similar to the due diligence that is performed by third-party buyers in large corporate transactions. Argent's due diligence in the ESOP Transaction was less extensive and thorough than the due diligence performed by third-party buyers in corporate transactions of similar size and complexity. The Plan overpaid for Isagenix stock in the ESOP Transaction due to Argent's reliance on unrealistic growth projections, unreliable or out-of-date financials, improper discount rates, inappropriate guideline public companies for comparison, and/or its failure to test assumptions, failure to question or challenge underlying assumptions, failure to apply a discount for lack of control, failure to adequately consider Isagenix's material business risks, and/or other factors that rendered the valuation of Isagenix stock in the ESOP Transaction faulty.

**RESPONSE:** Argent denies the allegations contained in paragraph 52 of the Complaint.

53. A prudent fiduciary who had conducted a prudent investigation would have concluded that the ESOP was paying more than fair market value for the Isagenix shares and/or the debt incurred in connection with the ESOP Transaction was excessive.

**RESPONSE:** Argent denies the allegations contained in paragraph 53 of the Complaint.

54. Incentives to Argent to act in favor of the Selling Shareholder Defendants in the ESOP Transaction included the possibility of business from sellers of companies who understood that Argent applied a lesser degree of due diligence in ESOP purchases of businesses than is typical for non-ESOP-buyers' purchases of businesses, engagement as the Plan's ongoing trustee after the ESOP Transaction and the fees paid for that engagement.

**RESPONSE:** Argent denies the allegations contained in paragraph 54 of the Complaint.

55. Argent is liable to the Plan for the difference between the price paid by the Plan and the actual value of Isagenix shares at the time of the ESOP Transaction.

**RESPONSE:** Argent denies the allegations contained in paragraph 55 of the Complaint.

56. Argent has received consideration for its own personal account from Isagenix for its services in the ESOP Transaction in the form of fees.

**RESPONSE:** Argent admits that it received fees for the services it provided as the Plan's trustee. Argent denies the remaining allegations contained in paragraph 56 of the Complaint.

57. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Selling Shareholder Defendants had access to the financial information upon which the valuation for the ESOP Transaction was based. The

Selling Shareholder Defendants had knowledge of the material risks Isagenix faced at the time of the ESOP Transaction. The Selling Shareholder Defendants participated in the negotiations leading up to the ESOP Transaction. The Director Defendants participated in the due diligence process leading up to the ESOP Transaction.

**RESPONSE:** Argent admits that the Company's directors participated in some of the due diligence conducted in connection with the exploration of a potential ESOP formation. Argent further admits that some of the selling shareholders had access to certain financial information relating to the Company prior to the June 14, 2018 transaction. The remaining allegations contained in paragraph 57 of the Complaint are denied.

## CLAIMS FOR RELIEF

## COUNT I

**Causing and Engaging in Prohibited Transactions Forbidden by ERISA § 406(a)–(b), 29 U.S.C. § 1106(a)–(b), Against Argent and Selling Shareholder Defendants**

58. Plaintiff incorporates the preceding paragraphs as though set forth herein.

**RESPONSE:** Argent restates and incorporates by reference its responses to paragraphs 1-57 of the Complaint.

59. ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), prohibits a plan fiduciary, here Argent, from causing a plan, here the Plan, to engage in a sale or exchange directly or indirectly of any property, here Isagenix stock, with a party in interest, here the Selling Shareholder Defendants, as took place in the ESOP Transaction.

**RESPONSE:** The allegations contained in paragraph 59 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

60. ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits Argent from causing the Plan to borrow money from a party in interest, here Isagenix and the Selling Shareholder Defendants, as took place in the ESOP Transaction.

**RESPONSE:** The allegations contained in paragraph 60 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

61. ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits Argent from causing the Plan to engage in a transaction that constitutes a direct or indirect transfer to, or use by or for the benefit of, a party in interest, here the Selling Shareholder Defendants, of any assets of the Plan, as took place in and after the ESOP Transaction with the transfer of Plan assets as payment for Isagenix stock and in continuing payments on the loan.

**RESPONSE:** The allegations contained in paragraph 61 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

62. The stock and loan transactions between the Plan and the parties in interest were authorized by Argent in its capacity as Trustee for the Plan.

**RESPONSE:** Argent admits that it executed the Stock Purchase Agreement and select loan agreements on behalf of the Plan. Argent denies the remaining allegations contained in paragraph 62 of the Complaint.

63. Argent caused the Plan to engage in prohibited transactions in violation of ERISA § 406(a), 29 U.S.C. § 1106(a), in the ESOP Transaction.

**RESPONSE:** Argent denies the allegations contained in paragraph 63 of the Complaint.

64. ERISA § 406(b), 29 U.S.C. § 1106(b), *inter alia*, mandates that a plan fiduciary shall not "act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants," or "receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan."

**RESPONSE:** The allegations contained in paragraph 64 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

65. Argent caused the Plan to acquire Isagenix stock from the Selling Shareholder Defendants above fair market value and with the proceeds of loans that were

used to pay the Selling Shareholder Defendants. This primarily benefited the Selling Shareholder Defendants to the substantial detriment of the Plan and its participants and beneficiaries, even though Argent was required to act solely in the interests of the Plan's participants and beneficiaries in connection with any such transaction.

**RESPONSE:** Argent denies the allegations contained in paragraph 65 of the Complaint.

66. Argent received consideration in the form of fees for its own personal account from Isagenix as Trustee for the Plan in the ESOP Transaction, in violation of ERISA § 406(b)(3).

**RESPONSE:** Argent admits that it received fees for the services it provided as the Plan's trustee. The allegation contained in paragraph 66 of the Complaint that Argent received consideration asserts legal conclusion to which no response is required and is therefore denied. Argent denies the remaining allegations contained in paragraph 66 of the Complaint.

67. Argent caused and engaged in prohibited transactions in violation of ERISA § 406(b) in the ESOP Transaction.

**RESPONSE:** Argent denies the allegations contained in paragraph 67 of the Complaint.

68. As officers, directors, the spouses of officers and directors, and/or shareholders of Isagenix, the Selling Shareholder Defendants were aware of facts sufficient to establish that the ESOP Transaction constituted a prohibited transaction with parties in interest. The Selling Shareholder Defendants are liable for violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).

**RESPONSE:** Argent denies the allegations contained in paragraph 68 of the Complaint.

69. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally

liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate.

     **RESPONSE:** The allegations contained in paragraph 69 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

     70.    ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

     **RESPONSE:** The allegations contained in paragraph 70 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

     71.    Argent has caused losses to the Plan by the prohibited transactions in an amount to be proved specifically at trial. The Selling Shareholder Defendants are liable for appropriate equitable relief to be proven at trial.

     **RESPONSE:** Argent denies the allegations contained in paragraph 71 of the Complaint.

<u>**COUNT II**</u>

**Breaches of Fiduciary Duty Under ERISA § 404(a), 29 U.S.C. § 1104(a), Against Argent**

     72.    Plaintiff incorporates the preceding paragraphs as though set forth herein.

     **RESPONSE:** Argent restates and incorporates by reference its responses to paragraphs 1-71 of the Complaint.

     73.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the plan, (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and (D) in accordance with the documents and

instruments governing the plan insofar as such documents and instruments are consistent with ERISA.

**RESPONSE:** The allegations contained in paragraph 73 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

74. The fiduciary duty of loyalty entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

**RESPONSE:** The allegations contained in paragraph 74 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

75. In the context of a transaction involving the assets of the Plan, the duties of loyalty under ERISA § 404(a)(1)(A) and care, skill, prudence and diligence under ERISA § 404(a)(1)(B) require a fiduciary to undertake an appropriate investigation to determine that the plan and its participants receive adequate consideration for the plan's assets and the participants' accounts in the plan.

**RESPONSE:** The allegations contained in paragraph 75 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

76. Pursuant to ERISA § 3(18), adequate consideration for an asset for which there is no generally recognized market means the fair market value of the asset determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with the Department of Labor regulations.

**RESPONSE:** The allegations contained in paragraph 76 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

77. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach,

and additionally is subject to such other equitable or remedial relief as the court may deem appropriate. ERISA § 404(a)(1)(A) & (B), 29 U.S.C. § 1104(a)(1)(A) & (B).

**RESPONSE:** The allegations contained in paragraph 77 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

78. ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

**RESPONSE:** The allegations contained in paragraph 78 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

79. Argent was required to undertake an appropriate and independent investigation of the fair market value of Isagenix stock in or about June 2018 in order to fulfill its fiduciary duties, and an appropriate investigation would have revealed that the valuation used for the ESOP Transaction did not reflect the fair market value of the Isagenix stock purchased by the Plan.

**RESPONSE:** Argent denies the allegations contained in paragraph 79 of the Complaint.

80. Argent failed to conduct a thorough investigation into the merits of the investment and further breached its duties in approving the Plan's purchase of Isagenix stock at the price agreed to in the ESOP Transaction.

**RESPONSE:** Argent denies the allegations contained in paragraph 80 of the Complaint.

81. Additionally, Argent was required to remedy the ESOP's overpayment for Isagenix stock after the date of the ESOP Transaction, including as necessary correcting the prohibited transaction by seeking the overpayment from the Selling Shareholder Defendants.

**RESPONSE:** Argent denies the allegations contained in paragraph 81 of the Complaint.

82. Argent breached its duties under ERISA § 404(a), 29 U.S.C. § 1104(a).

**RESPONSE:** Argent denies the allegations contained in paragraph 82 of the Complaint.

83. Argent has caused losses to the Plan by its breaches of fiduciary duty in an amount to be proved specifically at trial.

**RESPONSE:** Argent denies the allegations contained in paragraph 83 of the Complaint.

## COUNT III

### Breach of Fiduciary Duty Under ERISA §§ 404(a)(1)(A) and (B),
### 29 U.S.C. §§ 1104(a)(1)(A) and (B) Against Director Defendants

84. Plaintiff incorporates the preceding paragraphs as though set forth herein.

**RESPONSE:** Argent restates and incorporates by reference its responses to paragraphs 1-83 of the Complaint.

85. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the plan, (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA.

**RESPONSE:** The allegations contained in paragraph 85 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

86. Under ERISA § 404(a)(1)(A) and (B), a fiduciary with the authority to appoint and/or remove other fiduciaries has an obligation to undertake an appropriate investigation that the fiduciary is qualified to serve in the position as fiduciary and at reasonable intervals to ensure that the fiduciary who has been appointed remains qualified to act as fiduciary and is acting in compliance with the terms of the Plan and in accordance with ERISA.

**RESPONSE:** The allegations contained in paragraph 86 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

87. According to the Plan Document, the Isagenix Board of Directors appoints the Trustee of the ESOP. Pursuant to that authority, the Director Defendants had a duty to monitor the Trustee's conduct and to take appropriate action if the Trustee was not adequately protecting the interests of ESOP participants, including removing the Trustee and correcting any breaches.

**RESPONSE:** Argent states that the Plan document speaks for itself and denies any allegations that are inconsistent with the Plan document. The remaining allegations contained in paragraph 87 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

88. The Director Defendants knew or in the exercise of reasonable diligence should have known that Argent as Trustee breached its fiduciary duties and engaged in prohibited transactions as set forth in Counts I and II because (a) the Director Defendants were aware of facts sufficient to establish that the ESOP Transaction constituted a prohibited transaction because they were officers and/or directors of Isagenix, parties to the ESOP Transaction, and involved in the negotiation of the ESOP Transaction, and (b) the Directors Defendants knew that Argent caused and closed the ESOP Transaction and took no steps to protect the Plan participants or to otherwise remedy the violations. The Selling Shareholder Defendants were aware of the terms of the ESOP Transaction and that the ESOP Transaction share price did not reflect fair market value for the stock of Isagenix.

**RESPONSE:** Argent denies the allegations contained in paragraph 88 of the Complaint.

89. Despite knowing of the facts about these breaches by Argent, the Director Defendants did not take any steps to protect the ESOP participants from these breaches and violations, including by stopping or delaying the ESOP Transaction, and removing Argent as Trustee, and/or remedying these breaches.

**RESPONSE:** Argent denies the allegations contained in paragraph 89 of the Complaint.

90. By failing to properly monitor and/or take appropriate action against the Trustee, the Director Defendants breached their fiduciary duties under ERISA § 404(a)(1)(A) & (B), 29 U.S.C. § 1104(a)(1)(A) & (B).

**RESPONSE:** Argent denies the allegations contained in paragraph 90 of the Complaint.

91. ERISA § 502(a), 29 U.S.C. § 1132(a), permits a plan participant to bring a suit for relief under ERISA § 409 and to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of a plan.

**RESPONSE:** The allegations contained in paragraph 91 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

## COUNT IV

### Co-Fiduciary Liability Pursuant to ERISA § 405, 29 U.S.C. § 1105
### Against the Director Defendants

92. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Argent restates and incorporates by reference its responses to paragraphs 1-91 of the Complaint.

93. ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1), provides that a fiduciary "with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such an act or omission was a breach."

**RESPONSE:** The allegations contained in paragraph 93 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

94. ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), further provides liability on a fiduciary "if, by his failure to comply with section 1104(a)(1) of this title in the

administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach."

**RESPONSE:** The allegations contained in paragraph 94 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

95.     ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3), further provides liability on a fiduciary "if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."

**RESPONSE:** The allegations contained in paragraph 95 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

96.     The Director Defendants were all members of the Isagenix Board of Directors with authority to appoint and remove the Trustee, and thus each Director Defendant was a fiduciary with respect to the Plan at the time of the ESOP Transaction.

**RESPONSE:** Argent admits that Jim Coover, Kathy Coover, and Jim Pierce were directors of Isagenix at the time of the ESOP Transaction. The remaining allegations contained in paragraph 96 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

97.     Given their involvement in the ESOP Transaction, their positions as directors and/or officers, their status as parties to the ESOP Transaction, their access to company financial information, and their appointment of Argent as the Trustee, the Director Defendants knew or should have known of the fiduciary breaches of Argent in connection with its faulty due diligence and imprudent approval of the stock purchase for more than fair market value, and the Director Defendants knowingly participated in Argent's fiduciary breaches, and enabled Argent's fiduciary breach by themselves failing to monitor as required of an appointing fiduciary.

**RESPONSE:** Argent denies the allegations contained in paragraph 97 of the Complaint.

98.     As such, under ERISA § 405(a)(1)-(2), 29 U.S.C. § 1105(a)(1)-(2), the Director Defendants are liable as co-fiduciaries for the Plan's losses resulting from Argent's fiduciary breaches.

**RESPONSE:**   Argent denies the allegations contained in paragraph 98 of the Complaint.

99.     The Director Defendants failed to make reasonable efforts to remedy Argent's violations of ERISA associated with the ESOP Transaction despite knowing of such violations, such as preventing the Plan's overpayment, reimbursing the Plan, or bringing the matter to the attention of the Secretary of Labor.

**RESPONSE:**   Argent denies the allegations contained in paragraph 99 of the Complaint.

100.    Pursuant to ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3), the Director Defendants are liable as co-fiduciaries for the Plan's losses resulting from Argent's fiduciary breaches.

**RESPONSE:**   Argent denies the allegations contained in paragraph 100 of the Complaint.

### COUNT V

**Violation of ERISA § 410 & Breach of Fiduciary Under ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. § 1110 & §§ 1104(a)(1)(A) and (B)**

**Against Director Defendants and Argent**

101.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**RESPONSE:**   Argent restates and incorporates by reference its responses to paragraphs 1-100 of the Complaint.

102.    ERISA § 410(a), 29 U.S.C. § 1110(a), provides in relevant part (with exceptions not applicable here) that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [ERISA Part IV] shall be void as against public policy."

As Part IV of ERISA includes ERISA §§ 404, 405, and 406, 29 U.S.C. §§ 1104, 1105 and 1106, any provision that attempts to relieve a fiduciary of liability is void pursuant to ERISA § 410(a), unless there is an exception or exemption. No such exception or exemption is applicable here.

**RESPONSE:** The first two sentences contained in paragraph 102 of the Complaint assert legal conclusions to which no response is required and are therefore denied. Argent denies the remaining allegations contained in paragraph 102 of the Complaint.

103. The DOL Regulations promulgated under ERISA § 410, 29 C.F.R. § 2509.75-4, renders "void any arrangement for indemnification of a fiduciary of an employee benefit plan by the plan" because it would have "the same result as an exculpatory clause, in that it would, in effect, relieve the fiduciary of responsibility and liability to the plan by abrogating the plan's right to recovery from the fiduciary for breaches of fiduciary obligations."

**RESPONSE:** The allegations contained in paragraph 103 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

104. For an ESOP-owned company, a provision requiring indemnity by the ESOP-owned company is treated as an indemnity provision by the Plan because it effectively requires ESOP participants to pay for the costs of the breaching fiduciaries' liability.

**RESPONSE:** The allegations contained in paragraph 104 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

105. Section 14.13 of the Plan document provides any member or former member of the Plan Administrator, officers and directors of Isagenix, and any employee to whom the Plan Administrator or Isagenix has delegated responsibilities under the Plan shall be indemnified and saved harmless by Isagenix from any and all liability relating to the administration of the ESOP. Section 14.13 further provides that any indemnification or agreement to hold harmless shall not apply to any claim, damage, expense, liability or

loss that is attributable to bad faith, breach of fiduciary duty under ERISA, gross negligence, willful misconduct or a material breach of the terms of the Plan. This carve-out provision does not exclude participation in a prohibited transaction in the list of claims excluded from indemnification. Moreover, Section 14.13 does not specify who will determine whether an indemnified person or entity has acted in bad faith, breached a fiduciary duty under ERISA, committed gross negligence, engaged in willful misconduct or breached a material term of the Plan.

**RESPONSE:** Argent states that the Plan document speaks for itself and denies any allegations that are inconsistent with the Plan document. The remaining allegations contained in paragraph 105 of the Complaint assert legal conclusions or legal interpretations of the Plan document to which no response is required and are therefore denied.

106. Plaintiff further alleges that the following factual allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Argent's engagement agreement with Isagenix for trustee services and/or the trust agreement includes an indemnification term under which Isagenix indemnifies Argent for liability, attorneys' fees and expenses.

**RESPONSE:** Argent admits that the terms of the Argent Engagement Letter speak for themselves and denies any allegations that are inconsistent with the Argent Engagement Letter. Argent denies any remaining allegations contained in paragraph 106 of the Complaint.

107. As these instruments governing the relationship between either the Trustee, the Plan Administrator, the Director Defendants or other fiduciaries and Isagenix or the Plan attempt to relieve the Trustee, the Plan Administrator, Director Defendants or other fiduciaries of his, her or its responsibility or liability to discharge his, her or its fiduciary duties or to have Isagenix (an ESOP-owned company) and thereby the ESOP be responsible for his, her or its liability or breaches, such agreements or other instruments are void as against public policy.

**RESPONSE:** The allegations contained in paragraph 107 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

108.     To the extent that Director Defendants or Argent would agree to or seek to enforce such a provision that is void against public policy under ERISA § 410, Director Defendants and Argent have breached their fiduciary duties under ERISA by failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries (A) for the exclusive purpose of providing benefits to participants and beneficiaries and (B) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and aims, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B).

**RESPONSE:** Argent denies the allegations contained in paragraph 108 of the Complaint.

109.     As such these indemnification provisions in these instruments (or any similar agreements) governing the relationship between Argent, Director Defendants and Isagenix should be declared void ab initio and should be reformed to strike or modified accordingly.

**RESPONSE:** Argent denies the allegations contained in paragraph 109 of the Complaint.

110.     As a result, Argent and the Director Defendants should be ordered to disgorge any indemnification payments made by Isagenix and/or the ESOP, plus interest.

**RESPONSE:** Argent denies the allegations contained in paragraph 110 of the Complaint.

## COUNT VI

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 Against All Defendants**

111.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**RESPONSE:** Argent restates and incorporates by reference its responses to paragraphs 1-110 of the Complaint.

112. On July 8, 2021, Plaintiff filed a class action complaint alleging breach of fiduciary duty and prohibited transaction claims against Defendant Argent in the Northern District of Georgia, *Robertson v. Argent Trust Co.*, Case No. 21-02746-SDG.

**RESPONSE:** Argent admits the allegations contained in paragraph 112 of the Complaint.

113. On September 9, 2021, counsel for Argent sent a letter to Plaintiff's counsel asserting that Plaintiff must arbitrate all her claims against Argent and enclosing a copy of the ESOP plan document.

**RESPONSE:** Argent admits the allegations contained in paragraph 113 of the Complaint.

114. Plaintiff had not been provided with a copy of the ESOP plan document prior to September 9, 2021.

**RESPONSE:** Argent lacks information sufficient as to form a belief as to the allegations contained in paragraph 114 of the Complaint and therefore denies the same.

115. The provisions in the ESOP plan document relating to mandatory arbitration are unconscionable, prohibit relief that ERISA expressly permits, operate as a prospective waiver of Plaintiff's right to pursue statutory remedies, and prevent effective vindication of statutory rights.

**RESPONSE:** Argent admits that the Plan contains an arbitration provision and denies any allegations that are inconsistent with the Plan's arbitration provision. Argent denies the remaining allegations contained in paragraph 115 of the Complaint.

116. In addition to provisions relating to mandatory arbitration, the ESOP plan document also contains a venue clause specifying the U.S. District Court for the District of Arizona as the venue for any challenge to the legal enforceability of the Plan's

arbitration provisions or any legal action to the extent the Plan's arbitration provisions are invalidated.

**RESPONSE:** Argent admits that the Plan contains a venue provision and an arbitration provision and denies any allegations that are inconsistent with the Plan's provisions. Argent denies the remaining allegations contained in paragraph 116 of the Complaint.

117. On September 17, 2021, Plaintiff entered a Notice of Voluntary Dismissal without prejudice in *Robertson v. Argent Trust Co.*, Case No. 21-02746-SDG.

**RESPONSE:** Argent admits the allegations contained in paragraph 117 of the Complaint.

118. An actual and justiciable controversy has arisen between Defendants and Plaintiff concerning the arbitrability of Plaintiff's claims. Accordingly, as alleged herein, a real and substantial, and immediate controversy is presented regarding the rights, duties and liabilities of the parties. A judicial declaration that the arbitration provisions in the ESOP plan document are void or unenforceable will resolve part of the present controversy and provide conclusive relief.

**RESPONSE:** The first two sentences contained in paragraph 118 of the Complaint assert legal conclusions to which no response is required and are therefore denied. Argent denies the remaining allegations contained in paragraph 118 of the Complaint.

119. Plaintiff therefore seeks a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendants are barred from enforcing the mandatory arbitration provisions in the ESOP plan document and/or that such provisions are void.

**RESPONSE:** Argent admits that Plaintiff is seeking a declaratory judgment but denies that Plaintiff is entitled to the relief requested and that this forum is the proper venue to seek the relief requested. Argent denies any remaining allegations contained in paragraph 119 of the Complaint.

**ENTITLEMENT TO RELIEF**

120. By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled to sue Defendants pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), for relief on behalf of the Plan as provided in ERISA § 409, 29 U.S.C. § 1109, including for recovery of any losses to the Plan, the disgorgement of any profits resulting from the breaches of fiduciary duty or prohibited transactions, surcharge, rescission, imposition of a constructive trust, removal and replacement of Argent as Trustee, as and such other equitable or remedial relief as the Court may deem appropriate.

**RESPONSE:** Argent admits that Plaintiff is seeking to represent a class under ERISA § 502(a)(2), but denies that Plaintiff may do so in light of the Plan's arbitration provision or that Plaintiff is entitled to the relief requested. Argent denies any remaining allegations contained in paragraph 120 of the Complaint.

121. By virtue of the violations set forth in the foregoing paragraphs, Plaintiff and the Class are entitled pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to sue Defendants for any appropriate equitable relief to redress the wrongs described above.

**RESPONSE:** Argent admits that Plaintiff is seeking to represent a class under ERISA § 502(a)(3), but denies that Plaintiff may do so in light of the Plan's arbitration provision or that Plaintiff is entitled to the relief requested. Argent denies any remaining allegations contained in paragraph 121 of the Complaint.

**CLASS ACTION ALLEGATIONS**

122. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of the following class:

> All participants in the Isagenix Worldwide, Inc. Employee Stock Ownership Plan (the "Plan") who vested under the terms of the Plan (or ERISA) and the beneficiaries of such participants. Excluded from the Class are the shareholders who sold the stock of Isagenix Worldwide, Inc. ("Isagenix") to the Plan (directly or indirectly) on June 14, 2018, and their immediate families; the directors and officers of Isagenix and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

**RESPONSE:** Argent admits that Plaintiff is seeking to represent the defined class under ERISA §§ 502(a)(2) and (a)(3), but denies that Plaintiff may do so in light of the Plan's arbitration provision. Argent denies any remaining allegations contained in paragraph 122 of the Complaint.

123. The Class is so numerous that joinder of all members is impracticable. Although the exact number and identities of Class members are unknown to Plaintiff at this time, the Plan's most recent Form 5500 filing reports that as of December 29, 2019, there were 553 participants and beneficiaries receiving or entitled to receive future benefits under the Plan.

**RESPONSE:** Argent admits that the Plan's 2019 Form 5500 speaks for itself and denies any allegations that are inconsistent with that document. The first sentence contains a legal conclusion to which no response is requested and is therefore denied. Argent denies any remaining allegations contained in paragraph 123 of the Complaint.

124. Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

    i.    Whether Argent served as Trustee in the Plan's acquisition of Isagenix stock;

    ii.    Whether Argent was an ERISA fiduciary of the Plan;

    iii.    Whether Argent caused the Plan to engage in prohibited transactions under ERISA by permitting the Plan to purchase Isagenix stock and take loans from parties in interest;

    iv.    Whether Argent engaged in a good faith valuation of the Isagenix stock in connection with the ESOP Transaction;

    v.    Whether Argent caused the Plan to pay more than fair market value for Isagenix stock purchased from Selling Shareholder Defendants in the ESOP Transaction;

    vi.    Whether the Selling Shareholder Defendants knowingly participated in a prohibited transaction in the ESOP Transaction;

    vii.    Whether Argent engaged in a prohibited transaction under ERISA by acting on behalf of a party adverse to the Plan and its participants in the ESOP Transaction;

    viii.    Whether Argent engaged in a prohibited transaction under ERISA by receiving consideration for its own account in the ESOP Transaction;

    ix.    Whether Argent breached its fiduciary duty to undertake an appropriate and independent investigation of the fair market value of Isagenix stock in or about June 2018;

    x.    Whether the Director Defendants were ERISA fiduciaries of the Plan;

    xi.    Whether the Director Defendants breached their fiduciary duty to monitor Argent;

    xii.    The amount of losses suffered by the Plan and its participants as a result of Defendants' ERISA violations; and

    xiii.    The appropriate relief for Defendants' violations of ERISA.

**RESPONSE:** The allegations contained in paragraph 124 of the Complaint and each of its subparagraphs assert legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Argent denies the allegations contained in paragraph 124 of the Complaint, including any averment that class certification is appropriate in this case.

125. Plaintiff's claims are typical of those of the Class. For example, Plaintiff, like other Plan participants in the Class, suffered a diminution in the value of her Plan account because the Plan paid above fair market value and took on excessive loans for Isagenix stock, resulting in her being allocated fewer shares of stock, and she continues

to suffer such losses in the present because Defendants failed to correct the overpayment by the Plan.

**RESPONSE:** Argent states that the first sentence contains a legal conclusion to which no response is requested and is therefore denied. Argent denies the remaining allegations contained in paragraph 125 of the Complaint.

126. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, ERISA, and employee benefits litigation.

**RESPONSE:** Argent denies the allegations contained in paragraph 126 of the Complaint.

127. Class certification of Plaintiff's Claims for Relief for the alleged violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class members would as a practical matter be dispositive of the interests of non-party Class members.

**RESPONSE:** Argent denies the allegations contained in paragraph 127 of the Complaint.

128. Class certification of Plaintiff's Claims for Relief for the alleged violations of ERISA is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. This action challenges whether Defendants acted consistently with their fiduciary duties or otherwise violated ERISA as to the ESOP as a whole. The members of the Class are entitled to declaratory and injunctive relief to remedy Defendants' fiduciary violations. As ERISA is based on trust law, any monetary relief consists of equitable monetary relief and is either provided directly by the declaratory or injunctive relief or flows as a necessary consequence of that relief.

1 **RESPONSE:** Argent denies the allegations contained in paragraph 128 of the
2 Complaint.

3 129. The names and addresses of the Class members are available from the Plan.
4 Notice will be provided to all members of the Class to the extent required by Fed. R. Civ.
5 P. 23.

6 **RESPONSE:** Argent lacks information sufficient as to form a belief as to the
7 allegations contained in paragraph 129 of the Complaint and therefore denies the
8 same.

9 ## PRAYER FOR RELIEF

10 Wherefore, Plaintiff prays for judgment against Defendants and for the following
11 relief:

12 A. Declare that Defendant Argent caused the Plan to engage in and
13 itself engaged in prohibited transactions and thereby breached its duties under
14 ERISA;

15 B. Declare that Defendant Argent breached its fiduciary duties under
16 ERISA to the Plan and the class members;

17 C. Declare that the Selling Shareholder Defendants knowingly
18 participated in prohibited transactions in violation of ERISA;

19 D. Declare that the Director Defendants breached their fiduciary duties
20 under ERISA to the Plan and the Class members;

21 E. Declare that the Director Defendants are liable as co-fiduciaries for
22 Argent's breaches of fiduciary duty;

23 F. Order Defendants to make good to the Plan and/or to any successor
24 trust(s) the losses resulting from the violations of ERISA and disgorge any profits
25 they made through use of assets of the Plan;

26 G. Order rescission of the 2018 ESOP Transaction;

27 H. Impose a constructive trust on all payments received by the Selling
28 Shareholder Defendants as a result of the 2018 ESOP Transaction;

I.   Order that Defendants provide other appropriate equitable relief to the Plan and its participants and beneficiaries, including but not limited to surcharge, providing an accounting for profits, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

J.   Order the removal of Argent as Trustee and the replacement of Argent by an Independent Fiduciary and enjoin Argent from acting as a fiduciary for any employee benefit plan that covers or includes any Isagenix employees or any members of the Class;

K.   Order the proceeds of any recovery for the Plan to be allocated to the accounts of the class members to make them whole for any injury that they suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

L.   Order the allocation to the accounts of the Class members of the additional shares of stock that would have been allocated but for the Plan's overpayment on Isagenix stock and Defendants' violations of ERISA;

M.   Declare that any indemnification agreement between the Defendants, or any of them, and Isagenix or the ESOP violates ERISA § 410, 29 U.S.C. § 1110, and is therefore null and void.

N.   Order Defendants to reimburse the ESOP or Isagenix for any money advanced by the ESOP or Isagenix, respectively, under any indemnification agreement or other instrument between Defendants and the ESOP or Isagenix;

O.   Declare that Argent and Director Defendants are not entitled to indemnification or being held harmless under Section 14.13 of the Plan because Argent and/or Director Defendants acted in bad faith, breached a fiduciary duty under ERISA, engaged in willful misconduct, or materially breached the terms of the Plan and therefore must reimburse Isagenix for any advancement of fees or expenses from Isagenix.

P.  Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

Q.  Order Defendant Argent to disgorge any fees it received in conjunction with its services as Trustee for the Plan in the ESOP Transaction as well as any earnings and profits thereon;

R.  Enjoin Defendants from dissipating any of the proceeds they received from the Transaction held in their actual or constructive possession until the Plan participants' rights can be adjudicated;

S.  Enjoin Defendants from transferring or disposing of any of the proceeds they received from the Transaction to any person or entity, which would prejudice, frustrate, or impair the Plan participants' ability to recover the same;

T.  Order Defendants to pay prejudgment and post-judgment interest;

U.  Declare that the provisions in the Plan relating to mandatory arbitration are void and unenforceable because they prevent effective vindication of statutory rights under ERISA;

V.  Declare that the provisions in the Plan relating to mandatory arbitration are void and unenforceable as unconscionable;

W.  Declare that Defendants are barred from enforcing the provisions in the Plan relating to mandatory arbitration;

X.  Certify this action as a class action pursuant to Fed. R. Civ. P. 23, certify the named Plaintiff as class representative and her counsel as class counsel; and

Y.  Award such other and further relief as the Court deems equitable and just.

**RESPONSE:**  Argent denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" clause following paragraph 129 of the Complaint or that this is the proper forum for Plaintiff's claims to be heard.

All allegations in the Complaint not specifically admitted in this Answer are hereby denied.

**AFFIRMATIVE AND OTHER DEFENSES**

Argent hereby repeats, re-alleges, and incorporates herein by reference its responses in paragraphs 1 through 129 of the Answer and pleads its Affirmative and Other Defenses, without assuming the burden of proof when the law places that burden upon Plaintiff, and without prejudice to Argent's Answer, and reserving the right to amend or add additional affirmative defenses upon further investigation and discovery, as follows:

**FIRST DEFENSE**

Plaintiff's claims are subject to the Plan's mandatory arbitration provisions and, as such, all claims asserted in this action should be compelled into individual arbitration.

**SECOND DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Argent.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing to assert such claims.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over such claims.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Argent's actions, to the extent any of them are found to be fiduciary actions, complied with the requirements of ERISA as well as industry norms and standards.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Argent did not cause the Plan or the Trust to pay more than adequate consideration or fair market value for the Isagenix preferred stock at issue.

## SEVENTH DEFENSE

The claims in the Complaint are barred to the extent they are based upon settlor or corporate actions which are not governed by ERISA.

## EIGHTH DEFENSE

The prohibited transaction claims asserted in the Complaint are barred because there were no prohibited transactions and/or the exemptions under ERISA § 408 were met.

## NINTH DEFENSE

Plaintiff's claims against Argent are barred to the extent they are based on alleged actions not taken in a fiduciary capacity.

## TENTH DEFENSE

Count V of the Complaint is barred, in whole or in part, because no document relevant to the Plan contains an exculpatory provision in violation of ERISA Section 410.

## ELEVENTH DEFENSE

Count VI of the Complaint is barred, in whole or in part, because it seeks speculative relief, Plaintiff has not pled the elements for a declaratory judgment, and the voiding of a contract is not among the equitable remedies available under ERISA.

## TWELFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by ERISA's statute of limitation or other applicable statutes of limitations or repose or by the doctrine of laches.

RESPECTFULLY SUBMITTED this 13th day of December, 2021.

/s/ Gregory B. Collins

Gregory B. Collins
**KERCSMAR FELTUS & COLLINS PLLC**
7150 East Camelback Road, Suite 285
Scottsdale, AZ 85251
Tel:    (480) 990-6214
gbc@kfcfirm.com

Lars C. Golumbic (*pro hac vice*)
William J. Delany (*pro hac vice*)
Paul J. Rinefierd (*pro hac vice*)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel:    (202) 857-0620
Fax:    (202) 659-4503
lgolumbic@groom.com
wdelany@groom.com
prinefierd@groom.com

*Attorneys for Defendant Argent Trust Company*