**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shana Robertson, | No. CV-21-01711-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Argent Trust Company, et al., | |
| Defendants. | |

In this putative class action, filed in October 2021, Shana Robertson ("Plaintiff") alleges that Argent Trust Company ("Argent") violated several provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") when administering an employee stock ownership plan ("ESOP"). (Doc. 1.) Plaintiff also asserts various ERISA claims against four individual defendants. (*Id.*)

In December 2021, Defendants moved to compel arbitration. (Doc. 25.) In July 2022, after full briefing, the Court granted Defendants' motion. (Doc. 34.) Additionally, even though Plaintiff argued that the action should be dismissed, rather than stayed, if the motion were granted, the Court concluded that because Defendants had requested a stay during arbitration, it was compelled under § 3 of the Federal Arbitration Act ("FAA") to grant that stay request. (*Id.* at 20-21.) Accordingly, the Court ordered "that this action is stayed pending resolution of the arbitration proceeding. The parties are ordered to file a joint notice every six months concerning the status of the arbitration proceeding (with the first report due six months from the issuance of this order) and to file a joint notice within

1   10 days of when the arbitration proceeding concludes." (*Id.* at 21.)

2   In January 2023, the parties filed separate status reports, which collectively stated
3   that the arbitration proceedings had commenced and that certain preliminary motions had
4   been filed. (Docs. 35, 36.) In July 2023, the parties filed a joint status report, which stated
5   that the arbitration panel had resolved the preliminary motions and that the arbitration
6   hearing was scheduled to begin on April 15, 2024. (Doc. 38.) In January 2024, the parties
7   filed another joint status report, which again stated that that the arbitration hearing was
8   scheduled to begin on April 15, 2024. (Doc. 39.)

9   These developments provide the backdrop for the pair of motions now before the
10  Court. On June 5, 2024, Plaintiff filed a motion to temporarily lift the stay (Doc. 40) and
11  a motion for leave to file an amended complaint (Doc. 41). In a nutshell, Plaintiff contends
12  that she discovered, during the course of the arbitration proceedings, the existence of eight
13  additional defendants that she wishes to sue; that because her claims against those putative
14  defendants are governed by a statute of repose, they must be asserted by June 14, 2024 or
15  they will be time-barred; and that although her initial plan was to wait until the conclusion
16  of the arbitration proceedings to amend her complaint, unexpected delays in the arbitration
17  process (the arbitration hearing is now scheduled to resume in December 2024) have
18  rendered that plan untenable, such that she must seek relief from the stay now. (Docs. 40,
19  41.)

20  Upon reviewing Plaintiff's filings, the Court ordered an expedited response. (Doc.
21  42.)

22  On June 11, 2024, Defendants filed an opposition to Plaintiffs' motions. (Doc. 43.)
23  First, Defendants argue that the July 2022 order only authorized the filing of status reports
24  during the stay and thus precluded, at least implicitly, the sort of affirmative relief Plaintiff
25  is seeking here. (*Id.* at 1-2.) Second, Defendants argue that Plaintiff engaged in
26  unreasonable delay and exhibited a lack of diligence by waiting until the eve of the
27  expiration of the statute of repose to seek relief, as she "possessed the information
28  necessary to support the proposed amendment nearly a year ago." (*Id.* at 2.) Third,

1  Defendants argue that amendment would be futile for three independent reasons: (1) "the
2  Court has already held that all of the claims asserted in this case are subject to mandatory
3  arbitration," so "[a]dding claims against new defendants in this proceeding will not have
4  any impact on the arbitration proceedings"; (2) all of the proposed new defendants are
5  trusts, which lack the capacity to sue or be sued; and (3) any claim against the proposed
6  new defendants would fail as a matter of law because Plaintiff does not allege that any of
7  them are fiduciaries of the ESOP, which is a required element for liability. (*Id.* at 3-5.)

   Having considered the parties' arguments, the Court concludes that Plaintiff's motions should be granted. As for Defendants' first argument, other courts have granted requests to lift the stay under analogous (if not identical) circumstances and the Court is unaware of any statutory or legal impediment to doing so. *Willick v. Napoli Bern Ripka & Associates, LLP*, 2018 WL 6443081 (C.D. Cal. 2018) ("Courts have the discretion to allow plaintiffs to amend a complaint while arbitration is pending."); *Estrella v. Freedom Fin. Network, LLC*, 2011 WL 4595017, *2 (N.D. Cal. 2011) ("With respect to defendants' argument regarding the mandatory stay imposed by the FAA, it is within the Court's discretion to allow plaintiffs to submit an amended complaint since the submission of this amended complaint will not affect the pending arbitration . . . .").

   As for Defendants' second argument, the Court shares their frustration with the late timing of Plaintiff's motions, which caused Defendants to rush to prepare an expedited response and was also disruptive from a docket-management perspective. Nevertheless, because the Court never issued a scheduling order setting a deadline for amending the pleadings—and, thus, the amendment request here does not come after any court-imposed deadline—the request is governed solely by Rule 15, which "advises the court that 'leave [to amend] shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" *Id.* Thus, the request should be granted unless it "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir.

1. 2006). Frustrating as it may be, Plaintiff's delay in raising the amendment request will not produce an undue delay in the *litigation* because this action has been stayed for two years and will resume being stayed once the amended complaint is filed.

This leaves Defendants' futility arguments. Although it is true, as noted above, that futility is a permissible basis for denying an amendment request under Rule 15, this Court (like many other courts) ordinarily prefers to "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Leibel v. City of Buckeye*, 2019 WL 5736784, \*3 (D. Ariz. 2019). That approach makes particular sense here for two reasons. First, due to the truncated briefing schedule (which, to be fair, was caused by the late timing of Plaintiff's motions), Plaintiff has not yet had a chance to respond to Defendants' futility arguments. It is always better to decide complicated legal issues on a fully developed record. Second, Plaintiff is not seeking to add any new claims against the defendants named in the complaint—rather, she seeks to add new defendants. It is debatable whether the existing defendants even have standing to raise futility arguments in this scenario. *See, e.g., Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 380 (D.N.J. 2023) ("Many courts have . . . conclud[ed] that current parties do not have standing to oppose a motion to amend seeking to add new parties on the basis of futility of amendment."); *Pacesetter Consulting LLC v. Kaprelian*, 2019 WL 2603722, \*2 (D. Ariz. 2019) ("Bassetti can only argue that proposed amended allegations against himself would be futile. His motion, however, asserts arguments on behalf of himself as well as on behalf of [two other entities]. His arguments as to futility on behalf of [those] entities are improper.").

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to temporarily lift the stay (Doc. 40) is **granted**.

2. Plaintiff's motion to file an amended complaint (Doc. 41) is **granted**.

3. Plaintiff shall, by **June 14, 2024**, file the proposed First Amended Complaint ("FAC") lodged at Doc. 41-4.

4. Following the filing of the FAC, this action will be **stayed** pending resolution of the arbitration proceeding. The parties are ordered to file a joint notice every six months concerning the status of the arbitration proceeding (with the first report due six months from the issuance of this order) and to file a joint notice within 10 days of when the arbitration proceeding concludes. Defendants need not answer the FAC until the stay is lifted.

Dated this 13th day of June, 2024.

Dominic W. Lanza
United States District Judge