**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shana Robertson,<br><br>        Plaintiff,<br><br>v.<br><br>Argent Trust Company, et al.,<br><br>        Defendants. | No. CV-21-01711-PHX-DWL<br><br>**ORDER** |

In this action filed in October 2021, Shana Robertson ("Plaintiff") alleges that Argent Trust Company ("Argent") breached fiduciary duties when administering an employee stock ownership plan ("ESOP" or "the Plan"), in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1.) Plaintiff also amended her complaint to sue the Coover Living Trust, the Coover Multi-Generational Trust, the James Coover Remainder Trust, the Kathleen Coover Grantor Retained Annuity Trust, the James Coover Grantor Retained Annuity Trust III, the Kathleen Coover Grantor Retained Annuity Trust III, and the James E. Pierce Revocable Trust (collectively, the "Selling Shareholder Trusts"). (Doc. 45.)

In December 2021, Argent filed a motion to compel arbitration. (Doc. 25.) In July 2022, after full briefing, the Court granted Argent's motion and ordered that "this action is stayed pending resolution of the arbitration proceeding." (Doc. 34 at 21.)

The arbitration proceeding has now concluded. On June 10, 2025, the arbitration panel in American Arbitration Association Case No. 01-22-0004-2398 issued an award in

1  Plaintiff's favor, and on July 28, 2025, the arbitration panel issued an award of attorneys'
2  fees and costs in Plaintiff's favor. (Doc. 53 at 1.) Those decisions have spawned a flurry
3  of recent filings. On August 29, 2025, Plaintiff filed a motion under the Federal Arbitration
4  Act ("FAA") to confirm both awards. (Doc. 53.) On September 12, 2025, the Selling
5  Shareholder Trusts filed a motion under § 10(a)(4) of the FAA to vacate both awards. (Doc.
6  59.) That same day, Argent filed a joinder in the Selling Shareholder Trusts' motion to
7  vacate. (Doc. 61.)

Notably, no party has filed an actual copy of either arbitration award on the public docket. Additionally, the parties' motion papers are heavily redacted, such that they contain essentially no discussion of the nature of, or basis for, the underlying arbitration awards. Instead, the parties have filed motions to seal these details. (Docs. 54, 58, 62.) The sole basis for each sealing request is that the following provision of the ESOP requires the parties to request sealing of all arbitration-related details:

> **Confidentiality**. Neither the Claimant nor the arbitrator(s) may disclose the existence, content, subject matter, or results of any arbitration without the prior written consent of the Company and the Trustee. This nondisclosure provision shall apply to all aspects of the arbitration proceeding, including, without limitation, discovery, testimony, other evidence, briefs, and the award. In the event of a breach or threatened breach of this confidentiality provision, the Company or the Trustee may seek temporary, preliminary and/or permanent injunctive relief to prevent such breach or threatened breach, as well as any damages the Company, Administrator, or Trustee suffers. In the event the Company or the Trustee brings an action to enforce this confidentiality provision and receives any remedy (whether temporary or permanent), the Claimant or arbitrator responsible for the breach or threatened breach shall pay the Company's and the Trustee's attorneys' fees and expenses. In any action to confirm or set aside the arbitration award, the parties shall cooperatively seek to file the arbitration award under seal or for an in camera inspection by the court without the award being filed in the public record.

(Doc. 26 at 52.)

In the Ninth Circuit, "[t]wo standards generally govern motions to seal documents." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Those two standards

are referred to as "the presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The presumptive "compelling reasons" standard applies when the documents that are the subject of the sealing request are being filed in conjunction with a motion or pleading that "is more than tangentially related to the underlying cause of action" or "the merits of a case." *Id.* at 1099. *See also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."). The "good cause" exception most often applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1097. Here, the filings giving rise to the sealing requests are motions to enforce or vacate an arbitration award. Those filings are more than tangentially related to the merits of the case, as they are effectively dispositive motions. Thus, the "compelling reasons" standard applies. *See, e.g., Personnel Staffing Grp., LLC v. XL Ins. Am., Inc.*, 2022 WL 18717593, *2 (C.D. Cal. 2022) ("Courts have generally found that the 'compelling reasons' standard applies to motions that seek to have a court review an arbitration decision."); *Bloom Energy Corp. v. Badger*, 2021 WL 4079208, *12 (N.D. Cal. 2021) ("[T]he court finds that the compelling reasons standard applies. The obvious point of the petition is to confirm the Final Award. That award disposes of respondents' claims. Petitioner cannot reasonably argue that a pleading requesting the court's imprimatur of such disposition is less than tangentially related to the merits of the action.").

Under the "compelling reasons" standard, there is "a strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178. To overcome this presumption, the movant must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (cleaned up). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (cleaned up). "After considering these interests, if the court decides to seal certain judicial records,

it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (cleaned up). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014), at which point that injury is weighed against the public's interest in disclosure. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Applying these standards, the parties' sealing requests lack merit. As noted, the parties' sole proffered reason for seeking to overcome the strong presumption in favor of public access is that they agreed with each other to maintain the confidentiality of any details related to their arbitration proceeding. But as many courts have concluded, this is an insufficient basis for a sealing request in an action to enforce or vacate an arbitration award. *See, e.g., Personnel Staffing Grp.,* 2022 WL 18717593 at *2 ("The Respondents . . . have failed to provide specific factual findings demonstrating why the request to seal the Confidential Documents outweighs the general history of access and the public policies favoring disclosure as required under the compelling reasons standard. Although courts consider the confidential nature of arbitration proceedings in addressing later motions to seal arbitration information, such settlement or arbitration information is not entitled to sealing in later proceedings simply because the parties bargained for confidentiality; the calculus changes once the parties reenter the courthouse for adjudication of their dispute.") (cleaned up); *Bloom Energy Corp.,* 2021 WL 4079208 at *11-12 (denying unopposed request to seal arbitration award in an action to enforce/vacate the award and explaining that "[t]he fact that the parties privately bargained to keep a proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document when put at issue in a public forum"); *Ovonic Battery Co., Inc. v. Sanyo Electric Co., Ltd*, 2014 WL 2758756, *3 (N.D. Cal. 2014) ("OBC also seeks to seal the interim and

final arbitration awards in their entirety . . . [and] claims that the awards are to remain confidential subject to limited exception according to the governing International Arbitration Rules and order of the Arbitration Panel. The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them."). As one court cogently put it:

> The mere fact that plaintiff and defendant have agreed to maintain their arbitration proceeding in confidence is of little moment. . . . Voluntary arbitrations are private proceedings. Therefore, the parties are free to agree that their arbitration proceedings will be held in confidence. Once the parties resort to the courts, however, their confidentiality agreement does not, and cannot, authorize the sealing of a presumptively public federal court record. The parties are privileged to arbitrate in secret, but they must litigate in public.

*Martis v. Dish Network*, 2013 WL 6002208, *2 (W.D. Mich. 2021). *See generally Kamakana*. 447 F.3d at 1183 ("The United States argues that . . . it relied on the stipulated protective order when consenting to provide depositions of federal witnesses and documents, and that such reliance constituted a compelling reason sufficient to overcome the presumption of access. We have no such categorical rule regarding protective orders. To the contrary, we have held that a non-party's reliance on a blanket protective order is unreasonable and is not a 'compelling reason' that rebuts the presumption of access.").

In a related vein, the parties' motion papers conspicuously do not assert that public disclosure of the details set forth in the arbitration awards (or in the redacted portions of their motions) would actually cause them to suffer any tangible harm. They have not, for example, persuasively argued (or even suggested) that public disclosure of the materials sought to be sealed would compromise trade secrets or other sensitive information. *GST Int'l, Inc. v. Martin*, 2025 WL 843389, *2 (D. Nev. 2025) ("GST has provided facts to justify sealing parts of the arbitral award attached to their motion, but not enough to justify sealing the entire document. In favor of sealing, the arbitral award contains sensitive trade secrets related to GST's products. . . . Yet GST has filed for the entire 121-page report to be filed under seal, and the Court cannot allow an entire arbitration award to be sealed

simply because the parties agreed to confidentiality of the underlying arbitral process. Accordingly, the Court will allow the arbitral award to remain filed under seal but require filing of the award with redactions limited to confidential information."); *Oliner*, 745 F.3d at 1026 ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that . . . disclosure will work a clearly defined and serious injury to the party seeking closure."). Instead, as noted, the parties' sole proffered basis for the sealing requests is their own agreement to maintain the confidentiality of any arbitration-related details.

On the other side of the ledger is the public's interest in understanding the basis for any decision issued by this Court. *Kamakana*, 447 F.3d at 1179 (courts must "conscientiously balance the competing interests of the public"). That interest would be severely undermined if the parties' sealing requests were approved—the public would have no information about the underlying decisions and thus lack any basis for evaluating the soundness of the Court's ultimate decision to enforce or vacate the awards. *Pintos*, 605 F.3d at 679 n.6 (one of the relevant factors when evaluating a sealing request is the "public interest in understanding the judicial process") (citation omitted). The overbreadth of the parties' sealing requests also undermines those requests. *Bloom Energy Corp.*, 2021 WL 4079208 at *12-13 ("[P]etitioner does not make any attempt to narrowly tailor its sealing requests to only those (even arguably) protectable portions of the Final Award. For example, petitioner seeks to seal mere statements of the law recited by the panel in the Final Award. Other low-hanging fruit include provisions in the Final Award that are identical to those alleged by petitioner in its publicly filed petition. Petitioner's failure to comply with the narrowly tailored requirement provide an independent ground for denying its motion to seal the Final Award.").

Thus, the motions to seal are denied. Generally, when a motion to seal is denied in full, "the submitting party may, within five (5) days of the entry of the order denying the request, resubmit the document for filing in the public record," *see* LRCiv 5.6(e), and failure to do so would result in the document not being filed at all (and therefore, not

considered). However, the Court will give the parties one additional chance to propose *narrow* redactions. Any renewed motion(s) seeking leave to redact "must explain, with specificity, why each proposed redaction meets the standard for sealing." *Paul Johnson Drywall Inc. v. Sterling Grp. LP*, 2021 WL 4170676, *1 (D. Ariz. 2021). Furthermore, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact. Overly broad requests that seek massive redactions without adequate justification will be denied, and the parties will be required to submit their motions and supporting materials on the public docket in unredacted form or withdraw their requests to enforce or vacate the arbitration award.

Accordingly,

**IT IS ORDERED** that:

1. The stay (Doc. 34) is **lifted**.

2. The parties' sealing requests (Docs. 54, 58, 62) are **denied without prejudice**.

3. The parties' motions/joinders to enforce and/or vacate the arbitration awards (Docs. 53, 59, 61) are **denied without prejudice**, because the filed versions of those motions/joinders are redacted in an impermissible manner.

4. Pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal. The Court will extend the time provided by LRCiv 5.6(e) for the parties to act. The parties may, within **14 days** of the entry of this Order, (1) file unredacted versions of their motions and supporting materials in the public record; or (2) file a new motion (or motions) to permit limited redactions, as well as redacted versions of the motions/joinders to enforce and/or vacate.

Dated this 18th day of September, 2025.

Dominic W. Lanza
United States District Judge