**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shana Robertson,<br>Plaintiff,<br>v.<br>Argent Trust Company, et al.,<br>Defendants. | No. CV-21-01711-PHX-DWL<br>**ORDER** |

In October 2021, Shana Robertson ("Robertson") filed the complaint in the above-captioned action (hereinafter, "*Robertson* Action"), alleging that Argent Trust Company ("Argent") and certain individual defendants (Jim Coover, Kathy Coover, Jim Pierce, and Tammy Pierce) breached fiduciary duties when administering an employee stock ownership plan ("the ESOP" or "the Plan"), in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Robertson* Action, Doc. 1.) The case was later reassigned to the undersigned. (*Robertson* Action, Doc. 17.) In December 2021, Argent moved to compel arbitration based on an arbitration clause in the Plan and to require Robertson to arbitrate her claims on an individual basis. (*Robertson* Action, Doc. 25.) In July 2022, the Court granted Argent's motion, compelled Robertson to arbitrate on an individual basis, and stayed the action pending the resolution of the arbitration proceeding. (*Robertson* Action, Doc. 34.)

In June 2024, while the arbitration was ongoing, Robertson filed a motion to temporarily lift the stay so she could file an amended complaint naming, as additional

defendants, certain trusts associated with the individual defendants—namely, the Coover Living Trust, the Coover Multi-Generational Trust, the James Coover Remainder Trust, the Kathleen Coover Grantor Retained Annuity Trust, the James Coover Grantor Retained Annuity Trust III, the Kathleen Coover Grantor Retained Annuity Trust III, and the James E. Pierce Revocable Trust (collectively, "the Selling Shareholder Trusts")—which the Court granted. (*Robertson* Action, Docs. 40, 44, 45).

In June/July 2025, the arbitration panel ("the Panel") determined that the Selling Shareholder Trusts were proper respondents in the arbitration proceeding and issued a pair of decisions that ordered Argent and the Selling Shareholder Trusts (but not the individual defendants) to pay Robertson $11,029.50 in damages, $2,359,909 in attorneys' fees, and $132,310.97 in costs. (*Robertson* Action, Docs. 68-1, 68-2.) In February 2026, the Court affirmed the arbitration awards. (*Robertson* Action, Doc. 76.) Judgment entered, and the *Robertson* Action was terminated. (*Robertson* Action, Docs. 76, 77.)

Separately, on May 28, 2026, Anizabelle Murillo ("Murillo"), acting "on behalf of the Plan," filed a complaint in the District of Arizona alleging that Argent and certain other defendants, none of whom were defendants in the *Robertson* Action, breached fiduciary duties in relation to the Plan, in violation of ERISA. The case is captioned *Murillo v. Argent Trust Co. et al.*, No. 2:26-cv-03809-SHR (hereinafter, "*Murillo* Action") and is assigned to Judge Rash. (*Murillo* Action, Doc. 1.)

Now pending before the Court is a motion, filed by certain defendants in the *Murillo* Action (Argent and various Argent executives), for "voluntary judicial reassignment" of the *Murillo* Action from Judge Rash to the undersigned. (*Robertson* Action, Doc. 84; *Murillo* Action, Doc. 25.) The movants argue that reassignment is warranted because the *Robertson* Action "arose from substantially the same transaction" as the *Murillo* Action, "involved substantially the same parties, and called for the determination of substantially the same questions of law" and because the *Murillo* Action, "filed by the same counsel that brought the previous action, on behalf of the same employee stock ownership plan and against a same defendant (Argent), expressly seeks to undo Judge Lanza's rulings in the

prior case in a transparent collateral attack." (*Id.* at 1.) Murillo opposes the reassignment request for a host of reasons. (*Robertson* Action, Doc. 86; *Murillo* Action, Doc. 33.)

As an initial matter, it is questionable whether the Local Rules authorize the relief being sought here. LRCiv 42.1(a), entitled "Transfer of Cases," authorizes a transfer when "two or more cases are pending before different Judges" and certain other criteria are satisfied, and LRCiv 42.1(b) sets forth the procedure for filing a "motion to transfer." But "[u]nder Arizona's local rules, a prerequisite to a motion to transfer is the existence of two pending cases." *Quantum Fluids LLC v. Kleen Concepts LLC*, 2022 WL 1984126, *2 (D. Ariz. 2022). Here, the *Robertson* Action is closed, so any request for a transfer under LRCiv 42.1(a)-(b) would be a non-starter.

Likely for this reason, the movants do not characterize their motion as a request for a "transfer"—instead, they characterize it as a motion for "voluntary judicial reassignment" under LRCiv 42.1(e). Although LRCiv 42.1(e) does indeed set forth a procedure for "Voluntary Judicial Reassignment of Cases," that procedure is—as the word "voluntary" connotes—something that judges may choose to follow of their own volition, as opposed to upon motion. Indeed, a "reassignment" appears to be another word for "transfer," so LRCiv 42.1(a) would appear to be superfluous if LRCiv 42.1(e)(1)-(2) provided a mechanism by which litigants could request "reassignments."

Courts within the District are split on whether a motion seeking a voluntary judicial reassignment can be properly brought when *unopposed*. On the one hand, at least one judge granted an unopposed motion brought under LRCiv 42.1(e). *Ctr. for Biological Diversity v. United States Forest Serv.*, 2024 WL 2271851, *2 (D. Ariz. 2024) ("Plaintiffs do not oppose transfer and state that they expected this case would be assigned to Judge Teilborg since they noted the related case in their Complaint."). Another judge concluded that transfer of a case to a judge who presided over a related, closed case can only occur when no party objects, such that the transfer request is "essentially stipulated." *Addington v. US Airline Pilots Ass'n*, 2010 WL 4117216, *7 (D. Ariz. 2010). On the other hand, another judge declined to grant reassignment in response to an unopposed motion,

concluding that because civil cases are assigned "by automated random selection and in a manner so that neither the Clerk nor any parties or their attorneys will be able to make a deliberate choice of a particular Judge," reassignment at the parties' request would undermine a procedure "intended to provide impartial justice." *Caremark LLC v. Chickasaw Nation*, 2021 WL 4710169, *1 (D. Ariz. 2021).

At any rate, even assuming the "voluntary judicial reassignment" request is properly before the Court, it fails on the merits. Some of the key considerations under LRCiv 42.1(e) include whether "the transferee judge previously adjudicated a case that . . . called for the determination of substantially the same questions of law" and whether reassignment is necessary to prevent "substantial duplication of labor." Neither consideration is present here. In the *Robertson* Action, the Court only addressed the narrow question of arbitrability. (*Robertson* Action, Doc. 34.) Meanwhile, in the *Murillo* Action, none of the defendants are seeking to compel arbitration. Instead, the defendants in the *Murillo* Action seek to obtain dismissal by arguing that (1) the new action is barred by res judicata and collateral estoppel (due to the judgment in the *Robertson* Action);[1] (2) Murillo's claims fall outside ERISA's statute of repose;[2] (3) Murillo's claims fall outside ERISA's statute of limitations;[3] (4) Murillo fails to plead a plausible clam for fiduciary breach;[4] (5) Murillo fails to plausibly allege that certain defendants acted as fiduciaries;[5] (6) Murillo's attempt to enforce a judgment against certain defendants would violate their due process rights;[6] and (7) Plaintiffs lack standing.[7] Those are distinct questions of law from the question of arbitrability. Additionally, although the Court's familiarity with the *Robertson* Action may be modestly helpful in addressing the first of the seven discrete dismissal arguments in the

---

1 *Murillo* Action, Doc. 27 at i; *Murillo* Action, Doc. 34 at 2.

2 *Murillo* Action, Doc. 27 at i; *Murillo* Action, Doc. 34 at 2.

3 *Murillo* Action, Doc. 27 at i.

4 *Murillo* Action, Doc. 27 at i; *Murillo* Action, Doc. 34 at 2.

5 *Murillo* Action, Doc. 28 at i; *Murillo* Action, Doc. 34 at 2.

6 *Murillo* Action, Doc. 28 at i.

7 *Murillo* Action, Doc. 35 at i.

*Murillo* Action, having another judge address that argument will not result in substantial duplication of labor.

Accordingly,

**IT IS ORDERED** that the motion for voluntary judicial reassignment (*Robertson* Action, Doc. 84; *Murillo* Action, Doc. 25) is **denied**.

Dated this 24th day of August, 2026.

Dominic W. Lanza
United States District Judge